Per Curiam.
e Two exceptions are taken to the justice’s return: 1. That the constable’s return to the summons was insufficient; and, 2. That there was no proof that the bill was a forgery.
As to the first point. The statute requires, “ that the serving such summons, shall, upon the oath of his office, thereupon the time and manner he executed the same, &c.” The appearance of the plaintiff below, merely for the purpose of making the objection, was not a waiver of the irregularity of the return, and as the statute is peremptory that the time when the summons is served shall be returned thereupon, its injunc-tions must be obeyed. If the defendant below, had waived the irregularity by pleading to the declaration, without objeefing to the return, it would have been too "late to make the objection now. There is a good reason for holding a constable to a strict compliance with the terms of the statute in this respect. Iiis *486 return is not traversable, and he is liable to an action for a pa]se returtl) jf the summons has not been served six days previous to the return day. The defendant, therefore, has a right, to demand that the constable shall specifically state the time when the summons was served.
2. There is very little, if any, evidence that the bill was a forgery, and the justice seems to have founded his opinion on this point, upon his own inspection of it. He does not say that the proof satisfied him; and it is to be presumed he would not be willing to say so. He had no right to give judgment upon proof of this nature, and the'judgment must, therefore, be reversed.
Judgment reversed.