Dewey *v.* Greene.

## Dewey *vs.* Greene.

An affidavit on an application for an attachment in a justice's court, in which the facts are stated upon the belief only of the deponent, is fatally defective.

And such defect, if objected to by the defendant before pleading, may be taken advantage of on *certiorari*, though the defendant pleaded to the action after the objection was overruled.(*a*)

If the defendant had pleaded without taking the objection, the defect would have been waived. *Per* BEARDSLEY, J.

ERROR to the Jefferson common pleas. Greene applied for an attachment against Dewey, before a justice of the peace, and made affidavit that the defendant was indebted to him upon contract in the sum of six dollars, as near as he could calculate, over and above all discounts; and that the attachment was applied for on the ground that the defendant had fled from the county of Jefferson into the county of Lewis, as the deponent believed, to defraud his creditors; that the facts and circumstances upon which such belief was predicated were that said Dewey had that day fled from said county of Jefferson,

---

(*a*) It is necessary to understand that this principle is confined to cases where the objection is to process to bring the party into court; for other objections improperly overruled are sometimes waived by afterwards going on with the suit. (*See* 3 *Hill,* 180, 499; 5 *id.* 428.)

where he last resided, and in a secret and clandestine manner, as the deponent believed. An attachment was accordingly issued. On the return day the parties appeared and the plaintiff declared. The defendant objected that the affidavit was defective in that the facts were stated only on belief. The justice overruled the objection and the defendant pleaded the general issue. After a trial the justice gave judgment for the plaintiff, which the common pleas affirmed on *certiorari ;* from which judgment of affirmance the defendant brought error to this court.

*W. L. Sherman,* for the plaintiff in error.

*W. C. Thompson,* for the defendant in error.

*By the Court,* BEARDSLEY, J. That the defendant had fled from Jefferson to Lewis, was stated in the affidavit of the plaintiff as a mere matter of *belief ;* he did not profess to have any knowledge on the subject, nor even to have been so informed. As I read the affidavit every thing therein stated is on belief, and not as a matter of fact within the knowledge or information of the plaintiff. This was not enough to authorize an attachment. (*Laws of* 1831, *p.* 404, § 35.) On this ground the defendant objected to the attachment as irregular, but the objection was overruled and he then pleaded the general issue.

The objection was made in due time, and was well taken ; the attachment should have been set aside as irregular. Nor was the objection waived by subsequently pleading the general issue. (*Avery* v. *Slack,* 17 *Wend.* 85 ; *Shannon* v. *Comstock,* 21 *id.* 457 ; *Wheeler* v. *Lampman,* 14 *John.* 481.) Had this plea been interposed by the defendant, without having previously objected to the process as irregular, it would have been deemed a waiver. (*Wheeler* v. *Lampman, supra ; Swartwout* v. *Roddis,* 5 *Hill,* 118.) But when the question of regularity is made at the proper time, and improperly overruled, the party is never concluded by pleading to the action. He does what he can, and at the earliest opportunity, to arrest the irreg-

ular proceeding; but being defeated in this by the erroneous decision of the justice, the party cannot be deemed to have waived any thing by subsequently pleading to the declaration and making the best defence in his power. This is the proper distinction to be made in all cases of this description.

There are cases which hold that this objection cannot be taken, where the cause has been carried to the common pleas by appeal.. (*Malone* v. *Clark*, 2 *Hill*, 657; *Swartwout* v. *Roddis, supra; Wood* v. *Randall*, 5 *Hill*, 264.) But this is because the remedy by appeal does not reach such an error: and not because the error was cured, or the right to take advantage of it waived, by pleading to the action.

Judgment reversed.