Marston, J.:
This was an action of replevin. Attached to the defendant’s plea was a notice that he took and held the property mentioned in the declaration by virtue of certain executions issued by a justice of the peace of Washtenaw county, and that at the time of the levy plaintiff’s pretended claim or interest in the property was false and fraudulent under an agreement with her husband to cover up and conceal his property, with the view to hinder and delay the creditors of her husband in the collection of their debts. The judgments upon which these executions were issued were against the husband of the plaintiff.
I. It is claimed that the return day of the writ of replevin being Sunday, all the proceedings under it are and were irregular and void. It does not appear that any objection was made in the circuit court upon this ground. *The defendant appeared, pleaded the general issue and went *54 to trial without objection. By so doing he must be held as having waived any such objection.
II. Upon the trial plaintiff offered in evidence a sworn copy of a bill of sale of the property in question to the plaintiff from her husband. This was dated November 28, 1874, and was filed in the town clerk’s office on the 5th day of January following. This was objected to as immaterial and not the best evidence, the best evidence being the original paper or a certified copy. If the instrument in question was intended as a more security for a debt, and it seems to have been so treated during the progress of the trial, then it was properly filed, and the original instrument being thus on file in a public office, the-sworn copy was properly received in evidence.
III. It is also objected that certain written instruments entered into between plaintiff and her husband on the one part and Christian Mack and Henry Paul were improperly admitted in evidence. Upon cross-examination of the plaintiff, defendant’s counsel had inquired concerning these instruments. This gave plaintiff the right to introduce them in explanation of what had been drawn out upon cross-examination, and the-same may be said in reference to the question concerning the time plaintiff had resided in Lodi.
IV. Exceptions were taken to the charge of the court as given, and also to the refusal to give certain of defendant’s requests, all relating to the bona fieles of the sale from plaintiff’s husband to her of the property in question under the bill of sale referred to. We are satisfied that this question was properly submitted to the jury. They were instructed to take all the facts into consideration in determining the question of good faith between the parties, and that if from all the evidence they should find that the making of this bill of sale to the plaintiff was in fact an absolute sale of the property in good faith, in payment of a debt due his wife, without any intent on their part to defraud, delay or hinder any of' his other creditors in the ^collection of their debts, then their verdict should be for the plaintiff; but that if they found it was made with the intent to defraud, delay or hinder any of Jacob Rehfuss’ other creditors in the collection *55 of their debts, then they should find for the defendant. In any view we think the entire charge was as favorable to defendant below as he had a right to ask, and that some portions were even more favorable than he was entitled to.
V. After the jury had retired to deliberate and had been out five hours, they returned into court and announced their inability to agree upon a verdict. The court thereupon further instructed the jury as to their duty in endeavoring to reconcile their views and arrive at a verdict, if consistent with their consciences, rather than that the parties should be put to the trouble and expense of trying the case again; and this is complained of upon the ground that the court should not charge the jury the second time, after they'return into court and say they cannot agree, unless they ask for further instructions on some point, and that the court should not urge the jury to agree, nor make any remarks to the prejudice of either side. This last, of course the court should not do, and nothing in this case was said to the prejudice of either party, unless calling the attention of the jury to the propriety of their reconciling all differences of opinion so far as they conscientiously could, and agreeing upon a verdict -can be so considered, which we think cannot. It is usually for the interest of both parties, or at least should be, that when a case has been fairly tried and submitted upon the merits to a jury, they should agree and thus put an end to the controversy; and the court in thus instructing the jury was but acting in the performance of a highly commendable duty, and this irrespective of the fact whether the jury had asked for further instructions or not.
We discover no error in the record, and the judgment should be affirmed, with costs.
The other justices concurred.