## JOSEPH SAGER v. JOHN SHUTTS.

*Replevin—Justice's jurisdiction—Affidavit.*

1. An affidavit for a writ of replevin will not give a justice jurisdiction if it does not state that the property sought does not exceed $100 in value; and the defect, unless waived, is fatal if seasonably taken.

2. Costs on special appeal from a justice's judgment are discretionary, on giving judgment.

3. Reversal of a justice's judgment for reasons appearing in the affidavit for appeal is not substantially different from reversal for errors in the action of the justice, since the errors must be averred in the affidavit.

Error to Kalamazoo. (Mills, J.) Feb. 1.—March 6.

REPLEVIN. Plaintiff brings error. Affirmed.

*James N. Robinson* for appellant.

*Oscar T. Tuthill* for appellee, cited *Elliott v. Whitmore* 5 Mich. 538.

CAMPBELL, J. In this case Sager sued Shutts before a justice in replevin, alleging the detention of a mare and colt, each alleged to be worth fifty dollars.

Before pleading defendant moved to dismiss, on the ground, among others, that the affidavit was insufficient to give jurisdiction because not stating that the property did not exceed in value $100. Comp. L. § 5291 [How. Stat. § 6856.] This motion was refused, and on trial plaintiff obtained judgment. On special appeal the circuit court of Kalamazoo county held the justice erred in retaining jurisdiction, and set aside the proceedings, with costs, as on certiorari.

We think this was proper. The purpose of the statute is to restrict the jurisdiction of justices, and prevent the seizure of valuable property under false pretexts. We have held that even a positive averment that value did not exceed $100 would not prevent judgment for either party before a justice, at least up to $500. *Henderson v. Desborough* 28 Mich. 170. Property worth more than $100 may be truly averred to be worth that sum, and although the defect may be waived, it is nevertheless a fatal defect if timely insisted on, because it leaves room for fraud in beginning suits.

As costs on appeal, on giving judgment, are discretionary, we see no reason why the judgment here is not correct. Some verbal criticism is made that the reversal refers to reasons appearing in the affidavit for appeal, instead of for errors in the justice's action. As the errors must be averred in the affidavit, we see no force in this suggestion.

The proceedings at the circuit must be affirmed.

The other Justices concurred.