GEORGE DAILEY v. JAMES KENNEDY.

*Writ and process—Appearance and pleading to the merits—Waiver of defective service.*

1. By pleading and going to trial on the merits, after an adverse decision of a motion to quash a writ of attachment for a defective return of service, defendant waives such defects, and cannot thereafter object to the manner in which he was brought into court.[1]

2. Where a defendant was arrested on a civil warrant, and a motion to quash for defects in the affidavit was overruled by the justice, and defendant *then* pleaded to the merits and went to trial,—
   *Held*, that he did not thereby waive the defects objected to, but could take advantage of the same by special appeal to the circuit court. *Brown v. Kelley*, 20 Mich. 27; *Warren v. Crane*, 50 Id. 300.

3. When a defendant is brought before a justice by civil warrant, he does not appear voluntarily, and courts, in defense of the liberty of the citizen, have always held that, where *timely* objections were made to the *jurisdiction* thus sought to be acquired over his *person,* he did not waive them by pleading to the merits, or in going to trial on the issue *thus* formed. But if he *appears* and *pleads* without making such objection, he cannot raise the same for the *first* time in the circuit court.[2]

Error to Montcalm. (Smith, J.) Argued November 12, 1886. Decided January 13, 1887.

Attachment. Defendant brings error. Affirmed. The facts are stated in the opinion.

*George H. Cagwin,* for appellant.

*George S. Steere,* for plaintiff.

---

[1] See *Gordon v. Sibley*, 59 Mich. 250; *Austin v. Burroughs*, 62 Id. 181 (head-note 1).

[2] See *Luton v. Newaygo Circuit Judge*, 38 N. W. Rep. 13. In this case defendant refused to plead before the justice, or appear voluntarily, and took a *special* appeal to the circuit court, where he moved to quash for jurisdictional defects in the affidavit for arrest, which motion was granted, and a *mandamus* denied to vacate the order.

CHAMPLIN, J.   This suit was commenced by attachment before a justice of the peace, and on the same day a garnishee summons was issued and served upon one Carl C. Clark.

On the return-day of the attachment writ the officer returned the writ, with his certificate thereon indorsed that he had been unable to find any goods and chattels within his county belonging to the defendant; and, further, that he had been unable to find any last place of residence of the defendant within said county; and, further, that he had served garnishment papers upon Carl C. Clark upon the tenth day of May, 1884, and left with him a certified copy of the writ; and, further, that he was unable to find the defendant within his county.

The plaintiff appeared, but the defendant did not appear, upon the return-day, and the justice adjourned the cause to a day certain, more than 30 days from the return-day. Upon this day the plaintiff appeared, and the defendant appeared specially, and moved to dismiss the proceedings for the reasons—

1. That the return of the officer did not show that he used due diligence to find the defendant, or ascertain whether the defendant had a last place of residence in his county.

2. That it did not show that the defendant had no last place of residence in the county.

3. That it was no service of the writ to leave a copy with the garnishee defendant, Carl C. Clark, on the tenth day of May, 1884, and such service is only authorized when the defendant cannot be found in the county, and has no last place of residence therein.

4. That the officer's return was not sufficient to give the court jurisdiction, as it showed neither personal nor substituted service, as required by law.

The motion was overruled, and the defendant then appeared generally, and pleaded the general issue, and gave notice of certain facts which he should show by way of recoupment of damages.

By express consent of the parties, two adjournments were thereafter had, when the parties proceeded to a trial of the merits, each side introducing witnesses, among whom were the parties.

The trial resulted in a judgment for the plaintiff, and the defendant carried the case, by special appeal, to the circuit court.

The errors alleged in the affidavit for the special appeal were based upon the decision of the justice in overruling the motion made by the defendant to dismiss the proceedings for want of jurisdiction.

The cause of action was assumpsit, and the amount claimed by the plaintiff as due him upon express contract was $40.20. The justice, therefore, had jurisdiction of the action and the subject-matter, and the only jurisdictional point raised is that the court did not obtain jurisdiction over the person of the defendant.

It is not necessary, in the determination of this case, to decide whether the court obtained jurisdiction over the person of the defendant by the return of the officer, or by virtue of the garnishee proceedings. The questions touching upon that point are very thoroughly argued by counsel for the defendant in his brief. The questions raised in the special appeal were presented to the circuit court, and were decided adversely to the defendant. A trial had in that court, upon the merits, resulted in a judgment for the plaintiff.

It is said by the counsel for defendant in his brief that the decision of the court below upon the points raised in the special appeal was made in reliance on the case of *Manhard v. Schott*, 37 Mich. 234. We do not see how that case is distinguishable from this, and counsel for defendant has not attempted to do so, but has contented himself by asserting that, if that case so decides, it has not been the law, and ought not to be.

In *Manhard v. Schott*, 37 Mich. 235, Mr. Justice CAMP-
BELL said:

" Instead of resting on the defectiveness of the process to
confer jurisdiction, all of these defendants joined in plead-
ing in bar to the merits, and the case was regularly tried on
their plea. Pleading to the merits brings the parties before
the court, whether lawfully served with process or not, and
they cannot thereafter object to the manner in which they
are brought in;" citing *Hart v. Blake*, 31 Mich. 278; *Crane
v. Hardy*, 1 Id. 56; and *Pardee v. Smith*, 27 Id. 33–38.

To the same effect are *Ripley v. Warren*, 2 Pick. 592; *Car-
lisle v. Weston*, 21 Id. 535; *Simonds v. Parker*, 1 Metc. 508;
*Wilmarth v. Knight*, 7 Gray, 294; *Blackwood v. Jones*, 27
Wis. 498; *Baizer v. Lasch*, 28 Id. 268; *Isabelle v. Iron Cliffs
Co.*, 57 Mich. 120.

No valid or sufficient reason can be advanced to show why
a voluntary appearance, and pleading to the merits, should
not be held a waiver of all objections to the manner in which
the defendant is brought into court. After such plea is inter-
posed, the justice either has or has not jurisdiction over the
person of the defendant. If he has not, he has no authority
to proceed in the trial, or render a valid judgment. The
question does not depend upon the event of the trial. When
the defendant joins issue upon the merits, and takes the
chances of a trial, he is not in a position to say, if the result
is favorable to him, that the court *has* jurisdiction to render
a judgment in his favor, but, if it results unfavorably, the
court *has no* jurisdiction to render judgment against him.

Inasmuch as parties can confer jurisdiction upon the court
by a voluntary appearance (How. Stat. § 6823), there appears
to be no good reason why a defendant may not confer such
jurisdiction after an irregular or void service of process upon
him by a voluntary appearance in the cause. If he does so
before objections are taken, they come too late; and, if after
they are taken, he waives them by submitting to the jurisdic-
tion and pleading to the merits. He cannot rely upon both,

because that would allow him to occupy inconsistent positions, wherein he could claim that the proceedings were valid or void, as the result of the trial upon the merits affected his interests.

The contrary view is taken by the court of last resort in the state of New York. The cases cited from that state by defendant's counsel fully sustain his position, as well as those referred to in the opinion of Mr. Justice Beardsley in *Dewey v. Greene*, 4 Denio, at page 94, where he says:

" When the question of regularity is made at the proper time, and improperly overruled, the party is never concluded by pleading to the action. He does what he can, and at the earliest opportunity, to arrest the irregular proceeding; but, being defeated in this by the erroneous decision of the justice, the party cannot be deemed to have waived anything by subsequently pleading to the declaration and making the best defense in his power."

It seems, however, that the principle in that state is confined to cases where the objection is made to process to bring the party into court, for it is held that other objections improperly overruled are sometimes waived by afterwards going on with the suit. The force of the decisions in that state has not been recognized in ours, to the extent to which they seem to go there. But the decisions themselves do not seem to me to rest upon satisfactory reasons.

It is the policy of the law that cases between litigants should be tried upon their merits, and that all technicalities and omissions which do not affect the substantial rights of the parties should be disregarded. This is especially so before justices of the peace. These tribunals are comparatively inexpensive, and jurisdiction is given to that extent that the greater part of the ordinary causes of litigation may be determined before them. It seems to me that it would be encouraging litigation, and the multiplication of costs, to hold that a defendant may take objections which, if good, fully protect his rights, and, instead of standing upon them

when ruled against him, may submit himself to the jurisdiction of the court, defend the action upon its merits, and, if defeated, be allowed to raise the same preliminary objections in the appellate court. If the objections are such that may be waived, so that the justice would have jurisdiction over the subject-matter and the parties, a general appearance should be held conclusive evidence of waiver in all cases where such appearance was the voluntary act of the defendant.

In support of his position, the counsel calls attention to the following authorities: *Wheeler v. Lampman,* 14 Johns. 481; *Dewey v. Greene,* 4 Denio, 93; *Pierce v. Rehfuss,* 35 Mich. 53; *Michels v. Stork,* 44 Id. 2; *Maxwell v. Deens,* 46 Id. 35; *Warren v. Crane,* 50 Id. 300; *Clark v. Dunlap,* Id. 492; *Sager v. Shutts,* 53 Id. 116.

In *Pierce v. Rehfuss,* 35 Mich. 53, the return-day of the writ of replevin was Sunday. The defendant, without objecting to the writ, appeared, and pleaded the general issue, and went to trial, and it was held by so doing he must be held as having waived any such objection. The case does not determine what the ruling would have been had the objection been made, and afterwards a plea to the merits interposed.

*Michels v. Stork,* 44 Mich. 2, was an action on the case by Stork against Michels, for a wrongful levy of an attachment upon his machinery, whereby he was prevented from carrying on his business. The return made by the constable to the writ of attachment did not show proper service of the writ, and gave the justice no jurisdiction to proceed and render judgment in the cause. It appears from the opinion that on the return-day the defendant appeared, and moved to dismiss the writ because no proper service was shown by the return; and this Court held that this was not such an appearance as gave the court jurisdiction. It does not appear that a plea to the merits was interposed. The opinion contains language from which it might be implied that a plea to the merits did

not waive the objections previously made to the manner in which a defendant is brought into court, but it was not necessary to the decision, and, as no mention is made of the case of *Manhard v. Schott*, in cannot be regarded as overruling the decision in that case.

*Maxwell v. Deens*, 46 Mich. 35, was a case where the objection was taken for the first time in the circuit court. The party was arrested upon a civil warrant, and brought before the justice, when he pleaded the general issue. The defect alleged in the circuit court was the insufficiency of the affidavit upon which the warrant issued. It was held by this Court that the defect was waived by going to trial, and judgment, without at any stage of the cause bringing the matter to the attention of the justice. Whether such objection would have been available if made before pleading issuably, was not passed upon, as it was not in the case.

*Warren v. Crane*, 50 Mich. 300, was a case where the defendant was arrested upon a civil warrant, and brought before the justice, when he moved to quash the proceedings for defects in the affidavit; but the motion was overruled. He afterwards pleaded to the merits, and the trial resulted in a judgment against him. He carried the case, by special appeal, to the circuit court, and judgment was there affirmed. The principal error relied upon in the appeal was the motion to quash. It was claimed in this Court that all right to take advantage of the defects in the affidavit was waived by pleading to the merits.

Mr. Justice COOLEY, in delivering the opinion of the Court, in answer to this position, said:

" We do not think so. Waiver is a voluntary act, and implies an election by the party to dispense with something of value, or to forego some advantage which he might, at his option, have demanded or insisted upon. But that action is in no sense voluntary which a party cannot decline to take except at the peril of liberty or property, as was the case here. The defendant made his objection, and was overruled.

If he persisted in it afterwards, he would have stood unde-
fended in the case, and might have been kept in confinement
until judgment. It would be unreasonable to compel a party
to submit to this as the condition on which he should be al-
lowed to question the unlawful arrest. *Brown v. Kelley*, 20
Mich. 27, is directly in point."

This case, as well as that of *Brown v. Kelley*, referred to in
the opinion, is plainly distinguishable from those in which it
has been held that a voluntary appearance and pleading to the
merits waives defects in service of process. When a defend-
ant is brought before a justice by civil warrant, he does not
appear voluntarily, and courts, in defense of the liberty of
the citizen, have always held that, where timely objections
were made to the jurisdiction thus sought to be acquired
over his person, he did not waive them by pleading to the
merits, or in going to trial upon the issue so formed.

In *Clark v. Dunlap*, 50 Mich. 492, which was a case in re-
plevin, there was a defective affidavit and bond. The parties
appeared on the return-day, and joined issue without objec-
tions being taken to the proceedings; but on the day set for
trial, and before the trial was entered upon, the defendant
moved to quash the writ on the ground that the bond was
not approved as provided by statute. This was denied by the
justice, but, on special appeal, was granted by the circuit
court. It was held by this Court that, by appearing and
joining issue, and adjourning the cause from time to time,
without any objection whatever, the defendant submitted to
the jurisdiction, and waived all right to set aside the writ.

The last case cited- by defendant's, counsel is *Sager v.
Shutts*, 53 Mich. 116, which was replevin before a justice.
Before pleading, the defendant moved the court to dismiss
on the ground, among others, that the affidavit was insuffi-
cient to give jurisdiction, because not stating that the prop-
erty did not exceed in value $100. This was refused, and
plaintiff had judgment. On special appeal, this judgment
was reversed, on the ground that the justice erred in retain-

ing jurisdiction.  This Court affirmed the judgment, on the ground that the defect was fatal, if timely insisted on.  The question in that case was different from the one under consideration, in that it went to the jurisdiction of the justice over the subject-matter.

From a consideration of the authorities cited by defendant's counsel, we do not think that the case of *Manhard v. Schott* has been disturbed, or any intention manifested of overruling it.  Expressions in deciding cases relative to objections not having been made, when stating facts, cannot be construed as deciding that, had they been made, a general appearance or pleading to the merits would not have waived them.  We adhere to the decision in *Manhard v. Schott*, which is decisive of this case, and the judgment of the circuit court must be affirmed.

The other Justices concurred.