BARKER, P. J., HAIGHT and DWIGHT, JJ., concurred.

Judgment and order affirmed.

---

MICHAEL A. PEARCE, APPELLANT, *v.* SAMUEL K. NESTER, RESPONDENT.

*Delivery of the original instead of a copy of the summons in a Justice's Court — is an irregularity which cannot be taken advantage of upon an appeal on which a new trial is asked for.*

In an action brought in a Justice's Court, on the return day of the summons the defendant objected to any further proceedings and asked that the suit be dismissed as against him on the ground that no legal service of the summons had been made, alleging that the original summons, and not a copy thereof, had been served by the constable, but offering no proof in support of his objection, whereupon the justice, in open court, stated that the constable had failed to return the original summons, and had made his return on a summons which had been drawn up by the justice a day or two before the return day named therein, and then denied the defendant's motion; the defendant then answered the plaintiff's complaint and judgment was subsequently rendered against him in that court. The defendant thereupon appealed to the County Court demanding a new trial.

*Held,* that, assuming that the service of the original summons instead of a copy thereof by the constable was insufficient, that this objection was not available to the defendant on such an appeal.

That, for the purposes of the new trial, the return of the justice, although it set forth the above-mentioned matter, presented the issues relieved from any errors of such a nature committed upon the trial before him.

That the objection made to the service of the summons, although, under the former statute, it may have been held to go to the validity thereof and to be jurisdictional, would not be considered a jurisdictional defect upon an appeal under section 3068 of the Code of Civil Procedure.

That it was a mere error which was waived after the defendant appeared and pleaded upon the merits and thereafter had elected to take an appeal in which he had demanded a new trial.

APPEAL from a judgment of the Ontario County Court of March 8, 1886, reversing a judgment of a justice of the peace of the town of Naples, in said county, in favor of the plaintiff.

*Charles S. Baker,* for the appellant.

*D. B. Backenstose,* for the respondent.

BRADLEY, J.:

The plaintiff recovered seventy-three dollars and ninety-four cents in a Justice's Court. The defendant appealed to the County Court, demanding in his notice of appeal a new trial; and upon the defendant's motion the justice's judgment was reversed by the County Court on the ground, that the service and return of the summons issued by the justice were not made in the manner requisite to confer upon him jusisdiction of the person of the defendant within the statute, which provides that "personal service of the summons must be made by delivering a copy thereof to the defendant" (Code Civ. Pro., § 2878); and that "a constable who serves a summons must, at or before the time when the same is returnable, make and deliver to the justice a written return thereof, under his hand, stating the time when, and the manner in which he served it.' (Id., § 2885.) The summons was issued November twenty-fourth, and the return day mentioned in it was December 5, 1884. The return of the constable was made December 3, 1884, indorsed upon what purported to be the summons, and was as follows:

"The within summons was personally served on the defendant Samuel K. Nester on the 26th day of November, 1884, at the town of Geneva, by delivering to him a copy thereof.

"ALBERT WHEELER,

"*Constable.*"

This was apparently a compliance with the statute. By the justice's return it appears that on the return day the defendant appeared and moved that the suit be dismissed, as against him, on the ground that no legal service of the summons had been made upon him, for the reason that it was served by delivering to him the original summons, and not a copy; and that the constable appeared before the justice December 3, 1884, and made his return upon a summons then drawn by the justice; that no proof was then offered by the defendant in support of his motion, nor did the plaintiff waive proof of or concede the alleged fact upon which the motion was founded; but that the justice did then in open court state that the constable had failed to return the original summons, and had made his return on a summons made by the justice December 3, 1884; and that the defendant's motion was denied and exception taken. The defendant then answered the plaintiff's complaint. The action was by consent of the parties adjourned to a subsequent day, when the defendant failed to appear; and upon evidence on the part of the plaintiff the justice rendered judgment. The motion for reversal of the justice's judgment was made, and granted upon that return.

The first inquiry is, whether it appeared by the justice's return that there was any irregularity in the service and return of the summons. The statement returned, as made by the justice in presence of the parties on the return day, does not correspond with what is represented by the return of the constable set forth in the return of the justice. The act of' making the return by the constable on a previous day, was no part of the proceeding before the justice on the return day, although that was the proper time to raise the question of its validity for jurisdictional purposes. It may be assumed that the statement made by the justice, in view of his supposed knowledge of the fact, was sufficient to enable the defendant to raise the question, if such statement had the support of the fact. The question here is, not whether the defendant was misled by the statement made by the justice, but it is whether the requisite service and return of the summons had not been made to confer jurisdiction. The fact upon which the defendant relies to support his contention has not been returned by the justice. While he sets forth in his return what purports to have been a proper return of service by the

constable, he also returns what he said on that subject when the parties appeared before him on a subsequent day, This is so far distinguishable from the fact itself that the latter was not represented by the justice's return upon the review in the County Court. If this view is correct, it is unnecessary to proceed further. But, assuming, without holding, that a return of service by the constable cannot be made effectual to give jurisdiction of the person of a defendant when he has, by way of service, delivered the original summons to the latter, and that it so appeared in this case, the inquiry arises, whether the question was available to the defendant on the appeal taken by him to the County Court. After his objection was taken, he answered the complaint on the merits. His objection was not by thus joining issue waived (*Dewey* v. *Greene*, 4 Denio, 93); but it was afterwards available as an objection merely, and not because there remained a want of jurisdiction. (*N. Y. and E. R. R. Co.* v. *Purdy*, 18 Barb., 574.) By reason of the appearance and answer the court had jurisdiction to proceed to judgment, which was not void. It was subject to review and reversal for the error produced by the objection taken and the ruling upon it. (*Wood* v. *Randall*, 5 Hill, 264, 271.) And the question would have been available to the defendant upon an appeal taken by him without demand of a new trial. In such case the justice is required to return all the proceedings, including the evidence and judgment. (Code Civil Pro., § 3053.) Such an appeal brings up for consideration all the proceedings, and is a substitute for the former review of justices' judgments by *certiorari*. The return upon appeal for a new trial is more qualified, and legitimately presents, as applied to this case, only the summons with the proof of service, the pleadings, the proceedings upon the trial, the judgment and a brief statement of the amount and nature of the claims litigated. (Id.) The purpose of the provision for such an appeal is a new trial in the County Court, and it takes the place of an appeal to the Common Pleas under the former practice. The evident policy of the statute in the one case was to review the proceedings and trial had before the justice, and in the other to provide for a trial *de novo ;* and in the latter case the proceedings, designated as such before the justice, to be brought into the County Court by the return, are limited to those upon the trial. And none other than such as the statute directs the justice

to return are legitimately in his return for any purpose upon such appeal. (*Malone* v. *Clark,* 2 Hill, 657 ; *Swartwout* v. *Roddis,* 5 id., 118 ; *Wood* v. *Randall,* Id., 264.)

The proceedings before the justice, the return of which the statute directs, are so limited as not to embrace any objections taken before him to the process or its service. The action upon the appeal for a new trial goes into the County Court upon the issue made by the pleadings. The process and proof of service accompany the issue to make a complete record in the County Court, by showing the manner the action was instituted and the defendant originally brought into court. And the defendant by appearing before the justice, and there answering the plaintiff's complaint, waives any jurisdictional defect in the process or its service to which no objection is taken. (*Clapp* v. *Graves,* 26 N. Y., 418.) For the purposes of the new trial the return presents the issue, relieved from the error arising from any such objection. At all events, in the view taken, such objection and ruling upon it are not, on such an appeal, legitimately in the appellate court for consideration.

In the court below it was held that the objection was available, because it went to the validity of the service of the process and was jurisdictional. And in support of the proposition were cited *Stevens* v. *Benton* (2 Lans., 156) and *Maxon* v. *Reed* (8 Hun, 618). Those cases seem to announce the doctrine so applied by the County Court in this case. And we might feel required to follow them if the present statute was not distinguishable from that existing when those cases arose and were decided. At that time, in case of an appeal taken for a new trial, the justice was required to return the process with proof of service, the pleadings, the *proceedings* and judgment, together with a brief statement of the amount and nature of the claim litigated. (Code Pro., § 360.) The return then properly embraced all the proceedings. The return of the evidence in such case was not then and is not now required. The apparent design of the present statute in providing for these two methods of appeal was to enable the defeated party, at his election, in all cases to review the proceedings and trial before the justice, or in those which permitted it, to take a new trial of the issue upon the merits in the appellate court. In the latter the new trial is dependent upon the demand of it in the notice of appeal (Code, § 3068), and

on the expiration of ten days after the filing of the justice's return, "the action is deemed an action at issue in the appellate court, and all the proceedings therein * * * are the same as if the action had been commenced in the appellate court, except as otherwise specially prescribed in this chapter." (Id., § 3071.) By force of the statute the action was pending in the County Court as effectually as if originally commenced there. The appeal has the effect, during its pendency, to supersede the justice's judgment. In this respect the effect of the appeal differs from that for review merely. In the latter case the judgment of the justice stands as such until it is reversed or merged in that of affirmance in the appellate court; and, in view of the statute, the reason of the rule which excludes from review, upon an appeal in which a new trial is properly demanded, the errors in the proceedings before the justice, applies as well to those arising upon objections to the process as to any other. They are mere errors after the defendant has appeared and pleaded upon the merits, and as such are waived when the party, by his appeal, has elected to take and duly demanded a new trial.

The rule, of course, has no application to an appeal taken from a void judgment. In that case the appeal will be dismissed or the judgment reversed. (*Gillingham* v. *Jenkins*, 40 Hun, 594.)

The judgment should be reversed and the case remitted to the County Court for a new trial upon the appeal thereto from the justice's judgment, costs of this appeal to the plaintiff to abide the event.

BARKER, P. J.; HAIGHT and DWIGHT, JJ., concurred.

Judgment reversed and case remitted to the County Court of Ontario county for a new trial, upon the appeal thereto, costs of this appeal to the plaintiff to abide the event.