(21 Misc. Rep. 722.)

## FRENCH v. SEAMANS.

(Supreme Court, Special Term, Steuben County. November, 1897.)

1. JUDGES—POWER OF JUSTICE OF APPELLATE COURT.
   Under Const. art. 6, § 2, which provides, "No justice of the appellate division shall exercise any of the powers of a justice of the supreme court other than those of a justice out of court and those pertaining to the appellate division or to the hearing and decision of motions submitted by consent of counsel," such justice, with consent of parties, acquires jurisdiction of the subject-matter and parties, so as to enable him to receive a verdict of a jury, and direct that the motion for a new trial be heard before the justice who presided at the trial.

2. TRIAL—RECEPTION OF VERDICT BY ANOTHER JUDGE.
   The act of the judge, in going home before the jury agreed on a verdict, did not dissolve the court, where there was no such intention, and a justice of the appellate court, with consent of parties, was present to receive the verdict when agreed on.

Action by Nellie French against Alvin Seamans. Plaintiff had a verdict, and defendant moves to set same aside, with all proceedings. Motion denied.

John F. Little and William H. Nichols, for plaintiff.
John F. Parkhurst and Monroe Wheeler, for defendant.

DAVY, J.    This motion is made by the defendant to set aside a
verdict of the jury, and all proceedings had upon the trial herein,
upon the ground that the verdict was received by Mr. Justice Rum-
sey, who is a justice of the appellate division for the First judicial
department, and was therefore disqualified from holding the court.
It appears from the affidavits presented that this case was tried be-
fore Mr. Justice Werner and a jury at the Steuben trial term, in
September, 1897, which was the last case tried at that term of the
court.    John F. Little and William H. Nichols appeared as coun-
sel for the plaintiff, and John F. Parkhurst and Monroe Wheeler
appeared as counsel for the defendant.    After the jury had retired
to deliberate upon their verdict, Justice Werner went out of the
court house.    As he passed out, he met Justice Rumsey, and stated
to him that the jury had just gone out to deliberate upon their ver-
dict, and that he had no further business to transact at that term
of the court, except to take the verdict, and that he hoped the jury
would come in before 3 o'clock, which was the hour the train left
for Rochester, because he desired to go home on that train.    Justice
Rumsey, in reply, stated that he would be glad to take the verdict,
but, being a member of the appellate division, he thought that he
had no power to receive the verdict; unless the counsel on both sides
consented to it.    Mr. Wheeler, one of the counsel for the defend-
ant, and Mr. Miller, the law partner of Mr. Nichols (who spoke for
Mr. Nichols), consented that he might receive it; and thereupon Jus-
tice Werner took the train for Rochester, leaving Justice Rumsey in
charge of the court, who, when it was announced that the jury had
agreed, took his seat upon the bench; and Mr. Nichols and Mr. Lit-
tle appeared in court for the plaintiff, and Mr. Humphrey McMaster
appeared, at the request of Mr. Parkhurst, for the defendant.    It
also appears that the plaintiff and defendant were both present in
court when the jury came in, and the foreman announced that they
had agreed upon a verdict of $1,000 for the plaintiff, which verdict
was taken in the usual way, and entered by the clerk.    After that
had been done, Mr. McMaster, on behalf of the defendant, announced
that as Mr. Parkhurst was absent, and Mr. Wheeler had been obliged
to go home, he appeared for the defendant, and asked for a stay of
the proceedings until a motion for a new trial upon the minutes
could be heard.    Mr. Little, on behalf of the plaintiff, objected to a
stay until after the entry of judgment.    The learned justice then in-
formed the counsel that he was there at the request of Justice Wer-
ner, in accordance with the consent of counsel, for the purpose of
taking the verdict, and that he had no power to make any order in
the matter, unless by consent of counsel, and that they must agree
among themselves as to the contents of the order to be entered.    He
also stated to counsel what the usual order in such cases was, and
after consultation they agreed and announced to the court that such
an order would be satisfactory, and asked the clerk to enter it.    The
order reads:

"The defendant's attorneys move for a new trial upon all the grounds mentioned
in section 999 of the Code.    Motion is submitted, to be argued at some future
day, to be fixed by Judge Werner.    All proceedings on the part of the plaintiff

after entry of judgment are stayed until the decision of a motion for a new trial."

It also appears that after the court adjourned, and on or about the 20th day of September, 1897, the defendant died, leaving a will, wherein he appointed his daughter, Alveretta Merrill, sole executrix, and this motion is made by her.

It is contended by the learned counsel for the defendant that, as Justice Rumsey was a member of the appellate division, he was disqualified, under the constitution, from holding the court or receiving the verdict of the jury. That question, therefore, must depend upon the construction to be placed upon section 2, art. 6, of the constitution, which provides that:

"No justice of the appellate division shall exercise any of the powers of a justice of the supreme court other than those of a justice out of court and those pertaining to the appellate division or to the hearing and decision of motions submitted by consent of counsel."

We must take the language of this section in its ordinary meaning. It is hardly necessary to add that the provisions of said section are plain and unambiguous. It authorizes a justice of the appellate division to exercise all the powers delegated to him by the constitution and laws of the state which a justice out of court is authorized to perform. The Code of Civil Procedure provides what powers and acts may be exercised, and what orders and remedies may be granted, by a justice out of court, during the progress of an action or special proceeding; and they are so numerous that I do not deem it necessary, upon this motion, to enumerate them. He is also permitted to hear and decide a motion submitted by consent of counsel, which implies a hearing of both parties, and a decision upon the merits. So that when a motion is made before a justice of the appellate division, at special or trial term, by consent of counsel, he acquires jurisdiction of the subject-matter and of the parties, and the decision which he renders must be held conclusive and binding upon the parties, unless subsequently reversed by the appellate court; and any order which he may make, which a justice of the supreme court is authorized to make out of court, is equally as binding. When counsel gave their consent, Justice Rumsey acquired jurisdiction of the subject-matter and of the parties, to enable him to receive the verdict of the jury, and to direct that the motion for a new trial be heard before the justice who presided at the trial. The receiving of the verdict was a mere formal matter. The Code prescribes that when the jury renders a verdict the clerk must enter in his minutes (specifying the time and place of the trial, and the names of the jurors and witnesses) the verdict of the jury, and such directions, if any, which the court gives with respect to the subsequent proceedings. Code Civ. Proc. § 1189. In People v. Fancher, 50 N. Y. 291, Allen, J., in speaking for the court, says:

"The same general rules which govern the construction and interpretation of statutes, and written instruments generally, apply to and control in the interpretation of written constitutions. They are made by practical and intelligent men for practical administration of the government, and they are to receive that interpretation that will give effect to the intent of the framers, as deduced from the language employed."

I agree with the learned counsel for the defendant that consent cannot make a legal court out of one that had no jurisdiction to proceed. Judge Cooley, in his work on Constitutional Limitations (page 491), says:

"The proceedings in a court are void if it wants jurisdiction of the case in which it assumes to act. Jurisdiction is first of the subject-matter, and second of the parties whose rights are to be passed upon. A court has jurisdiction of any subject-matter, if by law of its organization it has authority to take cognizance of, try, and determine cases of that description."

He also says:

"The law creates courts, and, upon considerations of public policy, defines and limits their jurisdiction, and these can neither be enlarged nor restricted by the acts of the parties."

It has been held, however, that a party may waive a rule of law, of a statute, or even a constitutional privilege, enacted for his benefit or protection, when it is exclusively a matter of private right, and no considerations of public policy or morals are involved; and, having once done so, he cannot invoke its protection. It was stated by Judge Rapallo in Phyfe v. Eimer, 45 N. Y. 104, that:

"A party of full age, and acting sui juris, can waive a statutory or even a constitutional provision in his own favor, affecting simply his property or alienable rights, and not involving considerations of public policy." People v. Quigg, 59 N. Y. 83; In re Ryers, 72 N. Y. 1.

It is also claimed that the act of Justice Werner in going home before the jury had agreed upon its verdict worked a dissolution of the court. I have examined with care the points presented and urged by the defendant's counsel, but I am unable to concur with his views. All questions of this kind must receive a reasonable construction. The court had been legally organized, and, when the learned justice who presided at the trial left the court room, there was no intention on his part of putting an end to that term of the court. The business of the court was simply suspended until such time as the jury was ready to announce its verdict. Freeman, in his work on Judgments (section 90), says that "every term of court continues until the call of the next succeeding term, unless previously adjourned sine die." People v. Sullivan, 115 N. Y. 190, 21 N. E. 1039; Hoffman v. Canal Co., 16 App. Div. 578, 44 N. Y. Supp. 949; Townshend v. Chew, 31 Md. 247.

It is also insisted that the receiving of the verdict was a part of the trial, and that Justice Rumsey was disqualified from performing any of the duties of a trial judge. We will assume that a justice presiding at the trial term requested a justice of the appellate division to take his court for the express purpose of entertaining a motion, by consent of counsel, to put a case that was upon the calendar over the term; can there be any question of his power, under the constitution, to entertain such a motion, although it was made at the trial term? I think not. Other illustrations, if it were necessary, might be made. Justice Rumsey was not called upon to give the jury any instructions, or to rule upon questions of law, or to pass upon any of the issues raised upon the trial. The parties to the action and their counsel were present in court, and were informed by

the learned justice that he could not receive the verdict, or enter-tain any motion, except by unanimous consent of counsel.    The facts were plain and well known to them, and so was the law; and, with full knowledge of the situation, they consented.    Where the parties appear in open court, as they did in this case, and consent that a justice may exercise jurisdiction of the subject-matter authorized by the constitution, it would be unjust to permit either of them after-wards to take advantage of a question to which they had given their consent.    In Cowenhoven v. Ball, 118 N. Y. 234, 23 N. E. 470, the court held that:

"A waiver is a voluntary relinquishment of some right.    It implies an elec-tion of a party to dispose of some advantage which he might, at his option, have demanded or insisted upon; and it is applied on the principle that when a party, whose right it is to object, takes no objection to the proceedings, or to the power of the court to hear the case, he is held to have waived all objections to formal and technical defects."

To hold that a justice of the appellate division has no power to receive the verdict of a jury, or to entertain a motion, by consent of counsel, would be adopting a rule contrary to the plain wording and meaning of the constitution.    It seems to me, upon the facts disclosed, that the questions raised by the defendant are of the most technical nature, and without merit.    No legal rights of the defend-ant were invaded, and no harm is claimed or shown to have come from the action of the court.

It follows, therefore, that the motion to set aside the verdict and proceedings herein must be denied, with $10 costs to the plaintiff.