### BLITZ *v.* ROACH.

1. EVIDENCE—CONTRACTS—CROSS-EXAMINATION.

   Where defendant, claiming to have made a certain contract
   with plaintiff, is asked on cross-examination if he ever made
   another such a one-sided contract, and replies that he has
   made such a contract, the paper he calls a contract may, on
   his redirect examination, be introduced in evidence.

2. SAME—RELATIVE RELIABILITY—INSTRUCTIONS.

   It was not error for the court to refuse to instruct the jury, in
   an action for breach of contract, that they should bear in
   mind that written documents are more reliable than human
   recollections, where it was not shown that the contract be-
   tween the parties rested in written documents, and the
   several claims of the parties as to the circumstances sur-
   rounding the making of the papers received in evidence, as
   well as the papers themselves, were presented to the jury
   under careful instructions.

Error to Wayne; Lillibridge, J. Submitted June 6,
1899. Decided September 12, 1899.

*Assumpsit* by Louis Blitz against James Roach for
breach of a contract of purchase. From a judgment for
defendant, plaintiff brings error. Affirmed.

*Moore & Moore*, for appellant.

*John W. McGrath*, for appellee.

MOORE, J. The plaintiff sued defendant to recover
damages, which he placed at the sum of upwards of $800,
for a breach of a contract which he claims was made be-
tween the parties. The case was tried before a jury, who
rendered a verdict in favor of defendant.

The plaintiff assigns error upon the admission of testi-
mony. It was the claim of plaintiff that, while he was
supplying defendant with glass, the latter placed with him

an order to supply the glass for the Home Savings Bank building for the sum of $2,000; that he accepted the order, and ordered the glass, when defendant refused to accept it. It was the claim of defendant that he arranged with plaintiff to supply him with such glass as he needed, giving him a certain discount from the list price in any event, and, if the price of glass should become lower, he was to have the benefit of the lower price; and that plaintiff was to carry his paper for an amount not exceeding $3,500; and that he furnished plaintiff with a list of glass which would be needed in the savings bank building, at plaintiff's suggestion, so that plaintiff could place the order, as the price of glass was likely to go up. He claims he was relieved from the obligation to take the glass because in the bills rendered for the glass which was received by him plaintiff charged more than the current rates, and also neglected to renew his paper for $930 when he was requested to do so. He denied he was to pay $2,000 for the glass which was to go in the Home Savings Bank building, but claimed it was to be furnished at current rates, which rate was to be as favorable, in any event, as a certain discount from the list price. The defendant testified in support of the claim just stated, when he was asked on cross-examination if he had ever made another such a one-sided contract. He replied he had made such a contract. On the redirect examination the paper he called a contract was introduced in evidence. This is said to be error. Plaintiff, on cross-examination, drew out the existence of this contract, bringing the case within *Pierce v. Rehfuss*, 35 Mich. 53. It is not necessary to discuss the other assignments of error in relation to the admission of testimony.

Plaintiff requested the court to charge the jury as follows:

"In determining the questions in dispute between the plaintiff and the defendant in this cause, you should take into consideration the appearance of the witnesses upon the stand, the situation of the parties, and the condition

of the markets at the time it is claimed the contract was entered into, and also the condition of the markets at the time of the breach, the subsequent action of the parties, and all the written documents in the case; and you should, in determining those questions, bear in mind that written documents are more reliable than human recollections."

The court gave this request, with the exception of the last clause, which is as follows:

"And you should, in determining those questions, bear in mind that written documents are more reliable than human recollections."

Counsel say the part of the request stricken out by the court must be conceded to be sound law, and the jury should have been so instructed. The record does not disclose, according to any theory of the parties, that the contract between them in relation to this bill of glass rested in written documents. The several claims of the parties as to the circumstances surrounding the making of the papers which were received in evidence were presented to the jury, as well as the papers themselves. The jury were told that all the evidence received might be taken into consideration by them. We do not think the court erred in declining to say that some of this evidence was more reliable than other of the evidence. The charge was a very full one. The claims of the parties were in sharp conflict with each other. The charge left to the jury these diverse claims, and instructed them as to the law applicable thereto.

Judgment is affirmed.

The other Justices concurred.