## 1706. KENNEDY *v.* MANRY.

1. While one may pursue any number of concurrent and consistent remedies, he will not be permitted, after the choice of one of two or more inconsistent remedies which he might originally have pursued at his option, to change his base and adopt a course wholly inconsistent with the remedy which he first selected.

2. Where one has the option either to affirm or to disaffirm a sale, and thereby fix the relative status of the parties to the contract, and exercises this option, he is bound by his election, regardless of the effect of his election upon the rights of others, and regardless of the knowledge or conduct of other parties in interest.

(*a*) The foreclosure of a mortgage upon personal property as the property of the mortgagor is such a disaffirmance · of title by the mortgagee as waives the assertion of title, although the mortgage may be only a part · of a contract which also contains a reservation of title, and although the instrument in question might either be foreclosed as a mortgage or afford the basis of an assertion of title in the payee by trover.

3. Waiver and estoppel are not synonymous terms. Waiver belongs, in a sense, to the family of estoppel; and yet estoppel in pais has connections that are no kin to waiver. Waiver is voluntary and intentional, estoppel in pais may arise from an involuntary and unintentional act; estoppel results from an act which operates to the injury of the other party, there may be a waiver although the opposite party is beneficially effected. A waiver by election results where a choice is exercised between inconsistent remedies (as where one action is founded on affirmance and the other upon disaffirmance of a voidable sale of the property), and in such a case any decisive act of affirmance or disaffirmance, done

with knowledge of the facts, determines the legal right of the parties once for all. Estoppel may arise even between consistent remedies, but it depends rather upon what a party caused his adversary to do; while waiver depends upon what one himself intends to do.

Trover, from city court of Forsyth—Judge Clark. January 18, 1909.

Argued March 31,—Decided November 9, 1909.

*Persons & Persons, C. J. Lester, O. T. Lester,* for plaintiff.

*B. H. Manry,* for defendant.

RUSSELL, J. The decision in this case turns upon whether the plaintiff in error, by the election of a remedy inconsistent with that which he is now attempting to assert, has waived a right which he might otherwise have enforced. It is well settled that one may pursue any number of concurrent and consistent remedies. It is also settled, as well argued by counsel for the plaintiff in error, that an estoppel does not generally result, unless the opposite party is misled and caused to act to his prejudice. To constitute an estoppel by conduct, there must be, (1) a false representation or concealment of fact; (2) it must be within the knowledge of the party making the one or concealing the other; (3) the person affected thereby must be ignorant of the truth; (4) the person seeking to influence the conduct of the other must act intentionally for that purpose; (5) the person complaining must have been induced to act by reason of such conduct of the other; and (6) he must in fact act upon it in such a manner as to change his position for the worse. *Tinsley* v. *Rice,* 105 *Ga.* 290 (31 S. E. 174) ; *Roberts* v. *Davis,* 72 *Ga.* 819; *Moss* v. *Cooley,* 113 *Ga.* 1047 (39 S. E. 471) ; 3 Words & Ph. 2508. While, however, this case was argued apparently with a view of showing that nothing in the conduct of Kennedy amounts to an estoppel, and it may be conceded that Manry was in no sense deceived or overreached, and that he has not sustained loss by any act of Kennedy's, still, in our opinion, none of these has any bearing upon the question before us. Let it be conceded that Manry was as conversant with all of the details of the transaction between Kennedy and Mason as Kennedy himself, and that he acted entirely upon his own judgment, influenced by nothing that Kennedy did or said ; Kennedy would not be estopped by conduct, but it would not follow from this that after having elected to foreclose his note as a mortgage, he could change his base, disaffirm his sale, and proceed by trover to assert that the mule in question was his own property.

We bear in mind that there is a difference between an election of remedies and a mistake of remedies, and that a person who prosecutes an action or suit based upon a remedial right which he supposes he has, and is defeated because of the error, is not precluded from prosecuting a subsequent action or suit based upon a consistent remedial right. In other words, if Kennedy had previously supposed that he could foreclose his paper as a mortgage, when as a matter of fact he could not, he would not be precluded thereafter from asserting title in himself and proceeding by trover to recover the mule in question. But it appears from the two notes in the record that each of them could properly have been foreclosed as a mortgage. They were so foreclosed. This court did not hold, when another branch of this case was before us, that the papers now before us could not be foreclosed as mortgages, or whether Kennedy was or was not entitled to the funds in the hands of the constable. *Kennedy* v. *Rumble*, 4 *Ga. App.* 415 (61 S. E. 839). The case went off because there was no proper assignment of error in the bill of exceptions, and the judgment of the lower court stood affirmed because it was not properly excepted to.

The defense of the defendant in error does not depend upon the equitable doctrine of estoppel in pais, the essentials of which we have noted above, but rather upon the plaintiff's election of a remedy inconsistent with the one he now seeks to assert, whereby he waived his right to assert a right which he possessed, independently of its effect upon the other party. When Kennedy was about to assert his rights under the notes in the record, he had the option either to proceed to foreclose his notes as mortgages, or to assert the title which he had reserved therein and proceed by trover to recover the property. In other words, he had the option either to affirm or to disaffirm the sale of the mules. This right was not affected by Manry's knowledge or lack of knowledge, and could be asserted whether its effect upon Manry was favorable or injurious. He had the option to treat the mules either as his own property or as the property of Ralph Mason. By the foreclosure of the mortgage he elected to disaffirm his own title and to assert in court that the mules were the property of Mason, and subject to sale as Mason's property. Waiver is voluntary and intentional, and estoppel in pais may be voluntary and unintentional. Estoppel results from an act which may operate to the injury of the other party; waiver may

affect the opposite party beneficially. "Waiver is a voluntary re-linquishment of some known right, benefit, or advantage, which, ex-cept for such waiver, the party otherwise would have enjoyed." Gandy v. Orient Ins. Co., 52 S. C. 224 (29 S. E. 655); Peabody v. Maguire, 79 Me. 572, 585 (12 Atl. 630); Austin v. Welsch, 31 Tex. Civ. App. 526 (72 S. W. 881); Daley v. Kennedy, 64 Mich. 208 (31 N. W. 125); French v. Seamans, 21 Misc. 722 (48 N. Y. Supp. 9, 13); Cowenhoven v. Ball, 118 N. Y. 234 (23 N. E. 470); 8 Words & Ph. 7375. The doctrine is well stated as follows, in Robb v. Vos, 155 U. S. 13 (15 Sup. Ct. 4, 39 L. ed. 52): "The defense of 'waiver by election' arises where the remedies are inconsistent; as where one action is founded on an affirmance, and the other upon the disaffirmance of a voidable contract or sale of property. In such cases, any decisive act of affirmance or disaffirmance, if done with knowledge of the facts, determines the legal rights of the parties, once for all . .. The institution of a suit is such a de-cisive act. . . The rule established by the cases is that any de-cisive act by a party with knowledge of his rights and of the facts determines his election in the case of inconsistent remedies." See also McNutt v. Hilkins, 80 Hun, 235 (29 N. Y. Supp. 1047, 1049); Welsh v. Carder, 95 Mo. App. 41 (68 S. W. 580). Waiver belongs to the family of estoppel, in a sense, and yet an estoppel in pais has connections that are no kin to waiver. Waiver depends upon what one himself intends to do; estoppel depends rather upon what he caused his adversary to do. Estoppel may carry the implication of fraud; waiver by election does not. Estoppel may arise even as between consistent remedies. For waiver by election to operate as a bar, the remedies must be inconsistent. As we see it, there is no estoppel in this case. For that reason most of the evidence be-comes immaterial. The material facts in the record which sus-tain the judgment of the lower court are that Kennedy foreclosed his mortgage, placed it in the hands of the officer, and claimed the fund which resulted from the sale of the mule under Rumble's fi. fa. It matters not that nothing that he did influenced the conduct of the party, and that the other party, knowing every fact that Kennedy knew, acted upon his own judgment. Kennedy's act was the conclusive exercise of his option to affirm the sale of the mule to Mason, when he had a like option to disaffirm the sale and pro-ceed to assert his title by trover.

This case is very similar to that of *Rowe* v. *Weichselbaum Co.,* *3 Ga. App.* 504 (60 S. E. 275), in which we held that the doctrine of estoppel did not enter into the case, but that "an election once made, with knowledge of the facts, between coexistent remedial rights which are inconsistent, is irrevocable and conclusive, irrespective of intent, and constitutes an absolute bar to the maintenance of a defense founded on such inconsistent rights." It was also ruled in *James* v. *Avery, 3 Ga. App.* 357 (59 N. E. 1158), that "one who in the sale of personal property has reserved title thereto may, by trover, recover the same even against the purchaser at a judicial sale. But where the personal property to which title has been reserved is sold under an order of a court, and the vendor who has reserved the title elects to claim a lien upon the fund, he is estopped thereafter from asserting his title as against the property, and is confined to the proceeds of the sale." See also *Mitchell* v. *Castlen, 5 Ga. App.* 134 (62 S. E. 731). It is true that in the *James* case the purchaser took no part in bringing about the sale of the property, and did not advise with the opposite party (as appears to have been the fact in the present case), and for this reason counsel for plaintiff in error argued that the decision in that case is not in point. As we stated before, however, waiver by election is not dependent for existence either upon the knowledge or ignorance of the affected party or his action or non-action. It is the intentional exercise of one's right of choice which, wholly irrespective of any of his adversary's rights, does not permit him to play fast and loose with the courts. It is unnecessary for us to decide whether the judgment of the trial court, if based upon the principle contained in §3823 of the Civil Code, and upon the ground that Kennedy, having permitted Manry to purchase his property without disclosing his title, was guilty of fraud, was right or not. The rule is well settled that a judgment will be affirmed if it is right, even though the reason assigned for its rendition be wrong. In *Board of Education* v. *Day,* 128 *Ga.* 166 (57 S. E. 359), Judge Lumpkin clearly points out the difference between an estoppel in pais and the waiver of a pre-existing right to pursue a certain remedy which arises upon the election of an inconsistent remedy. In discussing the ruling of some courts which held that a party is not barred from pursuing a different remedy in a second action or proceeding if by doing so

he does not take a position inconsistent with that before taken, or at least if nothing has been done as to the former demand which has prejudiced the opposite party, Judge Lumpkin says: "Some of the cases which adhere to this latter view deal with the question as if it were one of estoppel in pais between parties to a transaction, and treat the bringing of the first suit as if it were only a representation or admission, and seem to think that there must be a superadded element of change in condition, or action in reliance on it, to prevent the plaintiff from dismissing his suit and asserting an inconsistent remedial right. To us this appears to be too restricted a view. Unquestionably a person may estop himself in this as in other matters by misleading another to his injury or causing such other to change his situation. But the doctrine of election of inconsistent remedies or inconsistent remedial rights rests on a broader basis. Where one is in a situation in which he may elect between two inconsistent proceedings, the choice of the position which he will take must be made before bringing suit, or in doing so. He has no right to bring either action except by selecting and determining to occupy a position consistent with that action and inconsistent with the other. If, with actual knowledge or notice of the substantial facts, he chooses the position which he will occupy, and which will authorize him to appeal to the courts for one of the remedies, and does in fact proceed in court to enforce such remedy, it would seem to be little short of trifling with judicial procedure to allow him at his mere option to change his mind, dismiss his suit, repudiate the position which he has thus solemnly taken, assume another directly inconsistent with it, and ask the courts to enforce a remedy based on his new election. If he may change his mind once after having assumed and thus declared his position and based his suit upon it, why may he not do so again? And where is the limitation upon decision and redecision, selection and re-selection, and vacillation between inconsistent positions and remedies, as it may appear to the litigant from time to time that his chances are better in one direction or the other? Can he be allowed to swim hither and thither in a sea of legal uncertainty until he has been transfixed by the harpoon of a final judgment? To illustrate: An administrator or an agent, without due authority, sells property and takes notes therefor or receives cash. The persons interested may elect to affirm or

repudiate the transaction. They can not do both. It would hardly be held that they could elect to confirm the sale, sue the administrator or agent for the proceeds, then dismiss the suit, elect to repudiate the sale, sue for the property, and alternate between the two positions as often as they should see fit until judgment should be rendered, or until one or the other selection should be acted on so as to create an estoppel, on the same basis as it would arise from a mere verbal statement as to an existing fact, or silence where good faith required speech."

*Judgment affirmed.*