May Term, 1841.

RITTENOUR
v.
M'CAUSLAND.

*Thursday, May 27.*

---

RITTENOUR *v.* M'CAUSLAND.

Where a suit has been improperly commenced by a *capias ad respondendum* instead of by a summons, the defendant has a right for that reason to be discharged from custody, but not to have the suit dismissed.

But a motion to dismiss the suit in such case, were it otherwise unobjectionable, cannot be made after the defendant has appeared and pleaded in bar.

*Thursday, May 27.*

ERROR to the *Warren* Circuit Court.

BLACKFORD, J.—*Rittenour* sued *M'Causland,* before a justice of the peace, on a demand of 90 dollars for the keeping of a horse, &c. for the defendant. The suit was commenced by a *capias ad respondendum,* and the defendant was brought by the constable before the justice, according to the command of the writ. A day for the trial was fixed by the jus-

tice, and the defendant, without making any objection, gave bail for his appearance. The parties appeared on the day of trial, and the defendant filed several pleas in bar of the action. The cause was tried, and judgment rendered for the defendant. The plaintiff appealed to the Circuit Court; which Court, on the defendant's motion, dismissed the suit for want of jurisdiction.

The only ground for dismissing the cause was, that the *capias ad respondendum* had issued without the plaintiff's having filed an affidavit, pursuant to the statute, that he was in danger of losing his demand unless a *capias* issued. R. S. 1838, p. 366. This judgment of dismissal for the cause assigned must be wrong. The Court had jurisdiction of the subject-matter; and supposing the process in the case ought to have been a summons and not a *capias*, yet all that the defendant could ask in such case, was to be discharged from custody without giving bail. He was still bound to answer to the suit, as if the process had been a summons. Besides, the motion to dismiss the suit in this case, were it otherwise unobjectionable, came too late after the pleas to the action filed before the justice (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. A. Chandler,* for the plaintiff.

(1) Imprisonment for debt is now abolished in this state, except in cases of fraud, &c. Stat. 1842, p. 68.