JAMES M. LANE v. THOMAS LEECH.

*Waiver of defects in practice by appearance.*

An appearance for the purpose of objecting to irregularities does not waive them, but if it is for some other purpose, as for obtaining a continuance, it is a waiver, and no objection can afterwards be taken to prior defects even though the motion for which the appearance was made was denied.

Error to Muskegon.   Submitted June 15.   Decided June 23.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*Andrew B. Allen* for plaintiff in error.   Appearance does not necessarily waive jurisdictional defects unless there is a joinder of issue: See *Barber v. Taylor* 1 Mich. 352; *Spear v. Carter* id. 19; *Gilbert v. Hanford* 13 Mich. 40; *Wright v. Russell* 19 Mich. 346; *Brown v. Kelley* 20 Mich. 27; *Burson v. Huntington* 21 Mich. 415; *Pierce v. Rehfuss*

35 Mich. 53; *Vliet v. Westenhaver* 42 Mich. 593; *Allen v. Edwards* 3 Hill 499; *Tifft v. Culver* id. 180; *Malone v. Clark* 2 Hill 657; *Wood v. Randall* 5 Hill 264; *Fanning v. Trowbridge* id. 428; *Conway v. Hitchins* 9 Barb. 378; *Weeks v. Lyon* 18 Barb. 530; *Andrews v. Harrington* 19 Barb. 343; *Osburne v. Gilbert* 52 Barb. 158; *Lester v. Crary* 1 Den. 81; *Dunham v. Heyden* 7 Johns. 381; *Willoughby v. Carleton* 9 Johns. 136; *Hill v. Downer* 11 Johns. 461; *Wheeler v. Lampman* 14 Johns. 481; *Clapp v. Graves* 26 N. Y. 418.

*R. J. Macdonald* for defendant in error.

GRAVES J. Leech recovered judgment against Lane before a justice of the peace, and the circuit court affirmed it on *certiorari.* Lane asks a reversal on writ of error.

On the return day of the summons the parties respectively appeared and put in their pleadings, and on motion of defendant Lane the justice adjourned the cause. On the adjourned day the parties again appeared, and after the refusal by the justice of the defendant's motion to require the plaintiff Leech to give security for costs, on his admission that he was not responsible, the cause was again adjourned on defendant's motion, and during the time of this continuance the attorneys stipulated in writing for a further postponement of thirty days. The stipulation was not dated and the plaintiff's attorney left it with the justice, and he thereupon entered an adjournment for thirty days from that time. The case was subsequently adjourned several times at the instance of the plaintiff's attorney and on defendant's failure to appear.

The proceedings on these occasions were not regular. The last postponement was until the 18th of October and at that time both parties attended by their attorneys and answered, and the essential point in the case is whether the defendant's attorney on that occasion appeared specially and for the specific purpose of arresting the suit on account of previous irregularities, or whether his appearance went fur-

ther and had reference to additional and future proceedings in the cause. If the first position is the true one, there was no waiver of the errors which had been committed. But if the appearance was for another purpose and with a view to prolong the pendency of the action, and it contemplated a step adapted to a case regularly on foot, it was a waiver of the prior defects. *Falkner v. Beers* 2 Doug. (Mich.) 117; *Clapp v. Graves* 26 N. Y. 418; *Briggs v. Humphrey* 1 Allen 371; *Rittènour v. M'Causland* 5 Blackf. 540; *Heeron v. Beckwith* 1 Wis. 17; *State v. Messmore* 14 Wis. 115; *U. M. T. Co. v. Whittaker* 16 Wis. 220; *Baizer v. Lasch* 28 Wis. 268; *Abbott v. Semple* 25 Ill. 107; *Swift v. Lee* 65 Ill. 336; *Ulmer v. Hiatt* 4 Greene (Ia.) 439; *Clark v. Blackwell* id. 441; *Deshler v. Foster* Morris 403.

Now the justice returns that the defendant's attorney, on answering to the case, first applied for an adjournment to a later hour of the same day, and that the plaintiff's attorney objected, and that the motion was decided adversely to the defendant; that on the termination of that proceeding the defendant's attorney stated that he appeared specially to object to further proceedings, and that he, the justice, overruled such objections as were then made.

The motion for a continuance was a step in the cause, and one which meant that the action should be presently kept on foot, and there was nothing to qualify it. The subsequent explanation did not abate its effect. It was not made until the motion was denied, and at that time the representation of the parties had become complete and the irregularities were waived.

The judgment should be affirmed with costs.

The other Justices concurred.