## GILMORE *v.* LICHTENBERG.

1. JUSTICES OF THE PEACE — CERTIORARI — SUFFICIENCY OF AFFIDAVIT.

   An affidavit for *certiorari* to review a justice's judgment, which sets up the docket entries, showing numerous adjournments, and alleges, among other things, that the justice was without jurisdiction to enter judgment, is not sufficiently specific to raise the point that the judgment is void because the docket fails to show the place to which the cause was adjourned.

2. SAME—UNAUTHORIZED ADJOURNMENT—JURISDICTION—APPEARANCE.

   While a justice loses jurisdiction by adjourning the cause more than three months beyond the return day without the written consent of the parties (1 Comp. Laws, § 791), a subsequent general appearance will reinstate the case.

Error to Wayne; Donovan, J. Submitted December 10, 1901. Decided January 7, 1902.

*Assumpsit* by Robert G. Gilmore against F. William Lichtenberg and another for goods sold and delivered. From a judgment for defendants, plaintiff brings error. Reversed.

*Sloman & Groesbeck (A. C. Patterson,* of counsel), for appellant.

*Bowen, Douglas & Whiting,* for appellees.

MONTGOMERY, J. This is error to review a decision of the circuit court reversing on *certiorari* a judgment of a

justice of the peace. The affidavit recites the commencement of suit on the 18th of January, 1899, and sets out the docket entries showing numerous adjournments by consent up to a final adjournment to July 31st, at which time defendants did not appear, and judgment was rendered for the plaintiff. The affidavit then proceeds as follows:

" Deponent further states that several of the last adjournments had in the above cause, which appear to have been by consent, were had without the consent of the defendants, the defendants not being present in court at the time, or having anything to do with said adjournments. Therefore, by reason of the premises, the defendants feel that the judgment should be reversed for the following reasons:

"1. The justice erred in rendering judgment, as he did, on July 31, 1899.'

"2. The justice had no jurisdiction upon that day to render judgment.

"3. The justice lost jurisdiction of said case April 24, 1899, and the subsequent proceedings are null and void.

"And further deponent saith not."

On the hearing in the circuit the plaintiffs in error contended that the justice lost jurisdiction by adjourning the case beyond three months from the return day, without the consent of the parties, and that he also lost jurisdiction because the docket failed to show the place to which the case was adjourned.

It has often been held by this court that if a party, instead of appealing a case, and thus affording his adversary an opportunity to try his case on the merits, resorts to *certiorari*, he must make his allegations of error specific. See *Matthews* v. *Forslund*, 113 Mich. 416 (71 N. W. 854). If one seeks to avoid a judgment on technical ground, he ought not to complain if technical rules are applied to him. We think no one reading this affidavit would conceive that any point was intended to be made upon the failure of the docket to show the place to which the cause was adjourned, and we do not, therefore, consider whether, in view of the justices' act relating to Detroit, this omission would be fatal to the judgment. The

circuit judge appears not to have considered this question, but considered the averments of the affidavit sufficient to apprise the defendant in error of the reliance of plaintiffs in error on the point that the justice lost jurisdiction by the adjournments, and reversed the case, holding that the justice did lose jurisdiction.

The record shows that the defendants appeared generally on 12 different occasions after the three months fixed by statute. 1 Comp. Laws, § 791. It is true that, under this statute, the oral consent to an adjournment beyond the three months would not, in the first instance, bind defendants. But it is undoubted that a general appearance will operate to waive defects in process or service. *Dailey* v. *Kennedy,* 64 Mich. 208 (31 N. W. 125); *Lane* v. *Leech,* 44 Mich. 163 (6 N. W. 228). We see no reason why such an appearance should not be held to reinstate a case which, by irregular action, has resulted in a loss of jurisdiction by the justice. The case of *Lane* v. *Leech* is, as we read it, such a case, and the irregularity was held waived by subsequent participation in the proceeding before the justice. See, also, 4 Enc. Pl. & Prac. p. 898.

The judgment of the circuit court will be reversed, and that of the justice affirmed, with costs of all the courts.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.