SMITH *v.* KISTLER.

1. JUSTICES OF THE PEACE—JUDGMENT—DOCKET ENTRIES—AD-JOURNMENTS—CONTINUANCE.

   Under 1 Comp. Laws, § 957 (5 How. Stat. [2d Ed.] § 12403), the omission of a justice of the peace to state in his docket on whose motion an adjournment was ordered does not avoid the judgment: the provision of the statute so directing is not mandatory.

2. SAME—TIME—STIPULATION.

   But an adjournment to a date more than three months from the return day, without the written stipulation required by 1 Comp. Laws, § 791 (5 How. Stat. [2d Ed.] § 12244), was unauthorized and rendered the judgment void, although both parties consented to the continuance of the case.

Error to Saginaw; Gage, J. Submitted January 27, 1913. (Docket No. 53.) Decided March 20, 1913.

Replevin by Levi C. Smith and another, copartners as L. C. Smith & Company, against Henry Kistler, for a quantity of coal taken under an execution by defendant acting as constable. Judgment for defendant. Plaintiffs bring error. Reversed.

*Gallup, Rogner & Gallup,* for appellants.

*Weadock & Weadock,* for appellee.

KUHN, J. The plaintiffs are copartners in the coal business, doing business under the firm name of L. C. Smith & Co. They owned a certain quantity of coal, some of which was levied upon by the defendant, a constable, under and by virtue of a certain execution issued out of the justice's court for the city of Saginaw. Replevin was brought by plaintiffs, and on the trial the execution was offered in evidence by the defendant and admitted, over objections that it was incompetent, irrelevant, and immaterial, for

the reason that the judgment upon which the execution was issued is invalid and void. Defendant waived a return of the property, and the court directed a verdict for defendant for the sum of $104 and costs. Judgment being entered, the case is brought here by writ of error.

The docket of the justice of the peace before whom the case was tried, which resulted in the execution in question being issued, shows that a summons was issued February 19, 1910, returnable March 1, 1910; and that on the return day the parties appeared in court by attorneys, and the case was adjourned, by various adjournments which are not questioned, until February 14, 1911, when, the parties being in court, oral pleadings were had. They proceeded to trial, and witnesses were produced and sworn for the plaintiff and also for the defendants. The case was then adjourned, by agreement of the parties, to February 17, 1911, and again to February 21, 1911, and on that day, by stipulation in writing, to May 19, 1911. The following entry appears on the docket with reference to the proceedings had on that day:

" Cause called May 19th, 1911, at nine o'clock a. m., at my office in Saginaw, and adjourned to July 1, 1911, at nine o'clock a. m., at my office in Saginaw."

On July 1st judgment was rendered in plaintiff's favor in the sum of $100, and costs were taxed at the sum of $4.

Counsel for plaintiffs, in the case before us, contend that the judgment is void for two reasons:

*First.* Because the docket does not show on whose motion adjournment of the case from May 19, 1911, to July 1, 1911, was had.

*Second.* Because, more than three months from the return day having elapsed, the justice of the peace lost jurisdiction by the adjournment of May 19, 1911; there being no written consent.

Section 957, 1 Comp. Laws (5 How. Stat. [2d Ed.] § 12403), provides that:

" Every justice of the peace shall keep a docket, in

which he shall enter: 1. The title of all causes commenced before him; * * * 5. Every adjournment, stating on whose motion, and to what time and place; * * * 12. The time of issuing execution, and the name of the officer to whom delivered."

Was it fatal to the judgment because it does not appear on whose motion the adjournment was had? This court has held that it was fatal if the docket does not show to what place the adjournment is had; but it is essential to examine the reasons for this holding when given. In the case of *Mitts* v. *Harvey*, 125 Mich. 354, 356 (84 N. W. 288, 289), the court said:

"A justice of the peace may hold court at any place in his township. It is essential to his jurisdiction that a writ issued by him should show the place where it is returnable. It is just as important that his docket should show the place to which a cause commenced before him is adjourned, so that the parties may not be misled by a failure of recollection or a difference of recollection, or other reason, *and thereby be deprived of an opportunity to be heard in court.*"

It certainly cannot be said that the fact that it does not appear on whose motion the adjournment was had is as material as the provision requiring notice of the place of adjournment. The failure of this to appear could not deprive any person of an opportunity to be heard, and no harm can result. In the instant case the parties had their day in court, testimony was heard on both sides, and arguments made. This provision should be construed to be directory rather than mandatory. This court, in the case of *Grand Rapids Chair Co.* v. *Runnels*, 77 Mich. 104 (43 N. W. 1006), held that a failure to comply with the twelfth provision, requiring the time of issuing execution and the name of the officer to whom delivered to appear on the docket, did not vitiate an execution properly issued. In *Merrick* v. *Mayhue*, 40 Mich. 196, it was held not to be fatal to the validity of the judgment because error was made in entering the title of the cause upon the docket.

Section 3140 of the Code of Civil Procedure of the State of New York provides that:

" A justice of the peace must keep a docket-book, in which he must enter * * * 5. Each adjournment; stating upon whose application, and to what time and place it was made. * * * "

In the case of *Humphrey* v. *Persons*, 23 Barb. (N. Y.) 313, 318, the court said:

"Again, the statute prescribing what entries justices of the peace shall make in their dockets is directory; and a literal compliance therewith is not necessary, when the entries show the justice had jurisdiction of the parties and the subject-matter of the action, and also show the kind and amount of the judgment given, and that it was rendered at a proper time."

See, also, *Carshore* v. *Huyck*, 6 Barb. (N. Y.) 583; *Baker* v. *Brintnall*, 52 Barb. (N. Y.) 188; *Ostrander* v. *Walter*, 2 Hill (N. Y.), 329.

Section 791, 1 Comp. Laws (5 How. Stat. [2d Ed.] § 12244), provides:

"If either party to the suit shall make it appear to the satisfaction of the justice, by his own oath, or the oath of any other person, that he cannot safely proceed to trial for the want of some material testimony or witness, the justice shall postpone the trial for such reasonable time, and so often as he shall deem it proper, not exceeding in all three months, unless by consent of the parties to such suit, a longer time shall be stipulated therefor in writing, to be signed by the parties or their attorneys and filed with the justice: *Provided*, that a party claiming an adjournment after a former adjournment has been had shall further make it appear to the satisfaction of the justice that he has used reasonable diligence to procure such testimony or witness since the last preceding adjournment."

While the docket shows that the adjournment to May 19, 1911, was by stipulation, no written stipulation was entered into on that day adjourning the case to July 1, 1911. The justice had no authority to adjourn the case on his own motion; and more than three months having elapsed since the return day of the summons, from which

time the three months began to run (see *Hatch* v. *Christmas*, 68 Mich. 84 [35 N. W. 833]), the justice lost jurisdiction of the cause. The language of this statute is explicit and plain. While, under our decisions (*Gilmore* v. *Lichtenberg*, 129 Mich. 275 [88 N. W. 629]), a voluntary appearance on July 1st would have given the justice jurisdiction to render the judgment, it not appearing that defendants did appear, the judgment entered on that day is void. The court erred in admitting the execution in evidence.

Judgment of the lower court is reversed, and no new trial granted.

STEERE, C. J., and MOORE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.