GRIGGS *v.* DE YOUNG.

1. JUSTICES OF THE PEACE — REPLEVIN — DISCONTINUANCE — JUDGMENT FOR DEFENDANT—STATUTES.

The filing of a discontinuance in a replevin suit in justice's court by the plaintiff did not deprive the justice of the right to proceed upon the adjourned day to hear evidence of the defendant as to the value of the property taken

under the writ; defendant having waived a return of the property. 3 Comp. Laws 1915, §§ 13108, 13109.

2. SAME—ADJOURNMENT—APPEARANCE—WAIVER.

Where the return of the justice shows that plaintiff's attorney appeared in court on the adjourned day and raised no question as to the jurisdiction of the court or the right to proceed because the record failed to show any time or place of adjournment, *held*, that the objection was waived.

3. SAME—CERTIORARI—QUESTIONS REVIEWABLE.

Upon certiorari the Supreme Court is bound by the return of the justice as to the facts of the docket entries.

4. SAME—CORRECTION OF DOCKET ENTRIES.

It is the duty of the justice to correct any clerical mistakes which he finds in the docket before signing the same.

Certiorari to Wayne; Dingeman, J. Submitted January 22, 1919. (Docket No. 90.) Decided May 29, 1919.

Replevin in justice's court by Albert G. Griggs against Joseph De Young. There was judgment for defendant and plaintiff appealed to the circuit court by writ of certiorari. Judgment for defendant. Plaintiff brings certiorari. Affirmed.

*Harry M. Lau,* for appellant.

*Abram Sapiro,* for appellee.

STONE, J. This case is here upon certiorari to the circuit court for the county of Wayne. The case originated in the court of Theodore J. Richter, one of the justices of the peace for the city of Detroit, where a judgment was rendered for the defendant in a replevin suit, and the case had been removed by certiorari to the circuit court.

It appears that the plaintiff sued out a writ of replevin before said justice on January 17, 1918; that

the said writ was made returnable on the 29th day
of January, 1918, at 9 o'clock a. m.; that property
was seized under the writ; that on January 29th the
parties were in court and put in their pleadings and
the case was by consent adjourned to February 12,
1918. On February 5, 1918, the plaintiff filed a dis-
continuance.

The further proceedings before the justice appear
in his return to the circuit court upon the writ of cer-
tiorari as follows:

"I further certify and return that the 12th day of
February, 1918, was celebrated and observed as 'Lin-
coln's Birthday,' and that I held no court on said day,
and called no cases for hearing or adjournment on
said day, but that on the 13th day of February, 1918,
I called the case of Albert G. Griggs *v.* Joseph De
Young, at the opening of court on said day; plaintiff
was not in court, but defendant was in court by Abram
Sapiro, his attorney. On examination of the file in
said cause, I found that a written stipulation of dis-
continuance of said cause, dated February 5th, had
been filed by Harry M. Lau, attorney for said plaintiff
Albert G. Griggs. I asked Abram Sapiro, attorney
for defendant, to notify Harry M. Lau, attorney for
plaintiff, to appear in my court, and shortly there-
after Harry M. Lau did appear, and he informed me
that he stood by his discontinuance and would not
participate further in said cause. I informed Harry
M. Lau that under the circumstances, I would render
judgment in favor of the defendant Joseph De Young.
Thereupon Abram Sapiro being sworn and on cause
shown, I adjourned said cause to the 14th day of Feb-
ruary, 1918, 9 a. m.

"I further certify and return that on the 14th day
of February, 1918, the said cause was adjourned by
consent of both parties to the 16th day of February,
1918, 9 o'clock a. m.; that on February 16, 1918, 9
o'clock a. m., said cause was called, plaintiff did not
appear, but defendant was in court; Joseph De Young
was sworn for the defendant; defendant waives the
return of the goods taken under the writ of replevin,
gave testimony satisfying me as to his right of pos-

session to the goods, and as to their value, and I thereupon rendered judgment against the said plaintiff, and in favor of the said defendant Joseph De Young, in the sum of four hundred fifty ($450.00) dollars damages and fifty cents costs of suit."

We cannot consider assignments of error not embraced in the petition for the writ in this court. The allegations of error set forth in the affidavit for the writ of certiorari to remove said cause to the circuit court (which are the only matters which can be considered here, as no others are claimed in the petition for the writ in this court), are as follows:

(1) That upon the filing of the discontinuance of said suit on February 5, 1918, the justice had no jurisdiction to proceed further in the case than render judgment of nonsuit against the plaintiff, with costs.

(2) That said justice had no jurisdiction to proceed after the adjournment of February 12, 1918, because the records failed to show any time or place of adjournment.

(3) The entries on the justice's docket to give him jurisdiction in the matter, are erroneous, and are not according to the facts.

(4) The docket entry of February 16, 1918, is contradictory, and shows the justice lost jurisdiction, in that it shows that defendant did not appear, and in the same entry it shows that J. De Young, the defendant in said cause, was sworn for the defendant and waived return of goods.

(5) That by virtue of the statute the 12th day of February, 1918, was a legal holiday, and therefore said cause continued by virtue thereof, until February 13, 1918, and that the docket entry shows that no proceedings were had in said cause on February 13, 1918, and by reason of no proceedings having been had on the 13th, said cause became abated under the statute.

After the return of the justice to the circuit court had been made and upon the application and affidavit of the plaintiff's attorney, a further return of said justice was ordered, to show specifically by what right

and authority he had made changes and corrections in the entries in his docket of the proceedings in said cause. We quote from such further return as follows:

"I, Theodore J. Richter, the justice of the peace, in the order hereunto annexed, do further certify and return with reference to the changes and corrections mentioned in the annexed affidavit and order, that upon receiving the writ of certiorari, in the above-entitled cause, to-wit, on March 2d, 1918, he immediately examined the docket entries in the case of Albert G. Griggs *v*. Joseph De Young, in his docket No. 99, on page 239, and it appeared that two clerical errors had been made by clerk of the justices' courts, for the city of Detroit, in writing up said docket in said case, and that the said docket did not accurately set forth the proceedings in said cause as they were in truth and in fact had, in two particulars, viz.: in incorrectly writing up the adjournment of February 13th, 1918, as of February 12th, 1918, and in inaccurately stating that at the time of the rendition of the judgment that the plaintiff was in court and defendant was not present, when in truth and fact I held no court on February 12th, 1918, but that said cause was adjourned on February 13th, 1918, on cause shown, and in the presence of Harry M. Lau, attorney for plaintiff, and further, that at the time of the rendition of my judgment, in truth and fact, plaintiff was not in court, but the defendant was in court.

"I further certify and return that upon discovering that my proceedings in said cause had not been correctly and accurately entered on the docket in said cause, and that the foregoing clerical errors had been made by the clerk of the justices' courts and his deputies, I immediately instructed the clerk of the justices' courts for the city of Detroit, William Teagan, to correct the clerical errors mentioned and to make entries in said docket conform to the proceedings in said cause as they were in truth and fact had before me; and that the said William Teagan, clerk of the said justices' courts for the city of Detroit, forthwith, and on the 2d day of March, A. D. 1918, under my instruction and supervision, corrected the clerical errors hereinbefore mentioned and for which said clerk and

his deputies were alone and solely responsible, and thereupon said docket and judgment were signed by me."

1. There is no merit in this point, in our opinion. The filing of a discontinuance by the plaintiff with the justice did not deprive that magistrate from the right of proceeding upon the adjourned day to hear evidence of the defendant as to the value of the property taken under the writ, said defendant having waived a return of the property. Sections 29, 30, chapter 27, judicature act (3 Comp. Laws 1915, §§ 13108, 13109). *Gagney* v. *Wattles,* 121 Mich. 469, is not applicable.

2. The justices' courts in the city of Detroit are controlled by, and operate under, Act No. 475 of the Local Acts of 1903. The act is an elaborate one, providing for the number of justices, and the keeping of the records and dockets in the offices of the clerks of said justices' courts, one clerk being provided for each of said justices. The statute prescribes the hours in which the clerks' offices shall be kept open. Section 3 provides that the auditors of the county of Wayne shall provide suitable rooms for the accommodation of the said justices of the peace, and also offices for the clerks, and such jury rooms as may be necessary. Each of said justices is required to have his court room open and be in attendance at the duties of his office therein from nine o'clock in the forenoon, city time, until twelve o'clock noon, and from two o'clock until four o'clock in the afternoon, with certain other provisions unimportant here. Section 12 provides that all original writs or processes issued by said justices shall be returnable at nine o'clock in the morning, city time.

The point is urged here that, it appearing that the case having been adjourned to February 12, 1918, the court lost jurisdiction because the record failed to show any *time* or *place* of adjournment. It is doubt-

ful if the general provisions of the statute relating to justices' courts in the State apply to these courts in the city of Detroit, where provision has been specifically made by statute for their location and hours of meeting. However this may be, it distinctly appears here, by the return of the justice, that the plaintiff's attorney appeared in court on the 13th day of February, and also on the 14th day of February, and raised no question as to the jurisdiction of the court or right to proceed. We think we are bound by this return of the justice, and that this objection was waived. *Gilmore* v. *Lichtenberg,* 129 Mich. 275.

We cannot consider upon certiorari the point that the docket entries of the justice were not according to the facts. In this we are bound by the return of the justice.

The fourth and fifth points are fully covered, in our opinion, by the further return of the justice above set forth. The clerk of the court had evidently made some erroneous entries in the docket. When the attention of the justice was called to these errors, and before signing the docket, he corrected the same according to the facts as returned by him; "and thereupon said docket and judgment were signed by me," is the language of the further return of the justice. Manifestly, it was the duty of the justice to correct any mistake which he found in the docket before the same had been signed, and to then sign the docket.

The return to this court to the writ of certiorari contains the decision of the circuit judge. After reciting the facts as they appear already, he used the following language:

"It is claimed that when the discontinuance was filed that the justice had jurisdiction to render judgment either for the return of the goods or for their value, and that he had no authority to adjourn the case on cause shown to February 14th, as was done. It appears, however, from the docket entries (which

are controlling so far as this court is concerned) that the parties were in court on February 14th, and that an adjournment was had by consent to February 16, 1918. I am of the opinion that this amounted to a waiver of the discontinuance, and any prior defects which may have existed, under the authority of *Gilmore* v. *Lichtenberg,* 129 Mich. 275.

"With reference to the claim that the docket entry as to February 16th was changed, the justice had the right to correct any clerical errors before the docket was signed by him. It appears from the amended return of the justice that after the corrections were made he signed the docket and judgment. The case of *Kluck* v. *Murphy,* 115 Mich. 128, relied upon by plaintiff, involved the correction of a justice's docket after it had been officially signed.

"The judgment of the justice will be affirmed with costs."

We find no reversible error in the record, and the judgment of the circuit court is affirmed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.