## GREGOR *v.* OLDE.

1. APPEAL AND ERROR—PLEADING—MOTION TO DISMISS.

On appeal from an order granting defendant's motion to dismiss, in the nature of a demurrer, the facts well pleaded in plaintiff's bill are to be taken as true.

2. SUMMARY PROCEEDINGS—JUDGMENT—AMOUNT FOUND DUE NO PART OF JUDGMENT.

In summary proceedings before a circuit court commissioner to obtain possession of premises sold on executory contract, the amount found due by the commissioner was not enforceable by execution and constituted no part of his judgment.

3. SAME—ADJOURNMENT—JURISDICTION.

Under 3 Comp. Laws 1915, §§ 13242, 13245-13247, in summary proceedings to recover possession, the return day of the summons is limited to not less than three nor more than six days from the issuing thereof, and if the defendant fails to appear on the return day the hearing may be adjourned not more than six days, only one adjournment being authorized if defendant fails to appear; if defendant appears on the return day or on any adjourned day not more than six days thereafter, contin-

uances granted in the discretion of the commissioner upon sufficient cause shown may not exceed 30 days in all.

4. SAME — STATUTORY PROCEEDING — ADJOURNMENT — COMPLIANCE WITH STATUTE NECESSARY.

Summary proceedings for dispossessing an occupant of premises being purely statutory, the statute must be strictly observed and complied with, and an adjournment over a longer period than the statutory limit ousted the commissioner of jurisdiction and a judgment subsequently rendered was void.

5. SAME—JURISDICTION—ESTOPPEL.

Where defendant failed to appear in summary proceedings, and the commissioner lost jurisdiction by adjournment over a longer period than the statutory limit, her inaction could not reinstate it, nor is she estopped in another proceeding from attacking the validity of the judgment on jurisdictional grounds.

6. EQUITY—JURISDICTION TO RELIEVE FROM FORFEITURE ON PROPER SHOWING.

Equity courts have jurisdiction to relieve from forfeitures, direct accountings, and grant specific performance where equitable grounds to those ends are properly charged and satisfactorily proven.

7. SAME—PLEADING—SHOWING SUFFICIENT TO CONFER JURISDICTION.

A showing by plaintiff in her bill that she has been in actual possession and residence upon the premises in question as her home and homestead under a land contract and has paid all or at least a large part of the purchase price; that, having lost her contract with receipts for the payments she has made, defendant has taken advantage of the situation to deny her rights and fraudulently make false demands for greater payments, wrongfully served notice of forfeiture and by summary proceedings sought to dispossess her of her home, which is now worth double the contract price, and secure it for himself, *held*, sufficient to confer equity jurisdiction to entertain same.

8. APPEAL AND ERROR—MOTION TO DISMISS—ISSUES PRESENTED.

On appeal from an order granting defendant's motion to dismiss plaintiff's bill, in the nature of a demurrer, the question presented is one of pleading only, the merits of the case not being before the court.

Appeal from Wayne; Collingwood (Charles B.), J., presiding. Submitted January 22, 1920. (Docket No. 82.), Decided February 27, 1920.

Bill by Louisa Gregor against Ernest J. Olde, Jr., for the specific performance of a land contract. From an order dismissing the bill, plaintiff appeals. Reversed, and remanded.

*Robert M. Dalton* (*Fritz L. Radford,* of counsel), for plaintiff.

*Joseph H. Primeau, Jr.* (*Howard H. Campbell,* of counsel), for defendant.

STEERE, J. The original bill of complaint in this case was filed on June 20, 1919, for the primary purpose of enforcing specific performance of a land contract for sale of premises known as 33 Farrand avenue, Detroit, more particularly described in the contract as lot 7, block 9, of Yeaman's & Sprague's subdivision of private claim 152, according to the recorded plat thereof. The bill asks for an accounting and injunction to restrain defendant from interfering with plaintiff's possession of the premises or in any manner selling or incumbering the property. A preliminary injunction was granted.

On July 7, 1919, defendant filed a motion in the nature of a demurrer to dismiss plaintiff's bill. An amendment to certain paragraphs of said bill with some exhibits added was served upon defendant's counsel, and filed as of July 16, 1919. On July 23, 1919, the motion to dismiss said bill was heard and granted, with 20 days' stay of proceedings, as contended by plaintiff and confirmed in a letter to her counsel by the circuit judge who heard the case, but the stay was not inserted in the order of dismissal. Within the 20 days defendant evicted plaintiff from possession of said premises by a writ of restitution

obtained on a circuit court commissioner's judgment previously granted.

The grounds of demurrer set up in defendant's motion to dismiss center to the question whether the facts alleged in plaintiff's bill sufficiently state a case for equitable relief to give the chancery court jurisdiction. They are as follows:

"(1) There is no equity in said bill

"(2) That plaintiff has an adequate remedy at law.

"(3) That no facts are set up in the bill constituting fraud or any other equitable ground authorizing a court of equity to grant injunctive relief restraining proceedings at law.

"(4) That the bill does not allege necessary facts upon which to predicate injunctive relief."

On this motion in the nature of a demurrer the facts well pleaded in plaintiff's bill are to be taken as true. *Barber* v. *McMicking,* 189 Mich. 266; *Freeman* v. *Mitchell,* 198 Mich. 207; *Watson* v. *Wagner,* 202 Mich. 397.

Some of the material facts alleged in plaintiff's bill as amended are as follows: On June 2, 1908, plaintiff and her husband Rudolph Gregor, since deceased, bought for a consideration of $1,400 the premises described in said contract, running to them as husband and wife, with deferred payments of $8 or more every two weeks thereafter until fully paid. Thereafter plaintiff with her husband remained in possession of said premises, occupying the same as their home until her husband died, in 1912, and she continued in possession, occupying and claiming the property as her homestead, until her bill was filed; that payments were regularly made as provided in the contract until after the death of her husband, and if a true accounting were had between the parties the contract would be shown to have been paid in full, but her original copy of the contract became lost through no fault of hers, having been stolen from her possession together with

$100 in money, and if she were able to produce said contract it would show payments thereon in the handwriting of defendant and his father to the full amount due upon said contract; that after defendant learned her contract was lost he insisted that a considerable sum yet remained due thereon and demanded instalment payments of $25 per month be paid by her, instead of $16 per month as provided in the contract; that she refused to do so, claiming the original contract was fully paid if proper credits were given her, but did make a payment in January, 1919, and offered to pay defendant whatever was shown unpaid if he would come to an accounting with her and furnish her an abstract of title so she could arrange a loan for the amount if any found yet due him, which he refused.

On February 15, 1919, defendant caused to be served upon plaintiff, by delivering it to her daughter, at their home, a notice of forfeiture of said contract, demanding surrender of said premises. On February 24, 1919, he commenced summary proceedings for recovery of possession before a circuit court commissioner. The return day of the summons was February 26, 1919, at which time plaintiff failed to appear and the hearing was adjourned at the instance of defendant to March 6th, and thereafter from time to time until May 12, 1919, when he took a default judgment of restitution before the commissioner, obtaining in that connection a determination that $2,801.88 was the amount yet due on the contract, which plaintiff charges was unwarranted, excessive and obtained by fraud. As to these summary proceedings the bill alleges no appearance was entered by or for plaintiff; the default judgment was fraudulently taken while negotiations were pending between the parties for a settlement of the matter; that the circuit court commissioner was without jurisdiction to render such

judgment and the same was void; offers to pay whatever may be found due upon a proper accounting and to pay into court the monthly installments specified while this suit is pending.

Whatever misgivings may be suggested as to the exact situation, these matters are all in the record, either as allegations in plaintiff's bill or in exhibits relating thereto. As applied to this inquiry defendant by his demurrer makes no denial of any material facts asserted by plaintiff, accepts them as true and replies, in substance, reduced to the vernacular, "What of it?"

The grounds upon which plaintiff's bill was dismissed do not directly appear either in the short order of dismissal or elsewhere in the record, but, if not inferable, it is asserted in the brief of plaintiff's counsel and nowhere denied that the lower court considered the summary proceeding and judgment therein as warranting the dismissal.

A strenuous attack is made by plaintiff's counsel against the commissioner's judgment, on various grounds which are argued at length. While the circumstances attending the history of those summary proceedings might be found to have a more material bearing upon the equities of the chancery case when at issue and heard, it is sufficient for the purposes of the question involved here to note that the amount found due by the commissioner was not enforceable by execution and constituted no part of his judgment (*McSloy* v. *Ryan*, 27 Mich. 116; *Bauer* v. *Wasson*, 66 Mich. 256) ; and as appears by this record the pending of summary proceedings before the commissioner, in which plaintiff did not appear, was protracted by continuances at the instance of defendant, as plaintiff alleges, beyond the limit of time in which the commissioner had jurisdiction to enter judgment under the statute then in force. Some 78 or 79 days elapsed between commencement of the case and the judgment.

In summary proceedings to recover possession, the return day of the summons is limited to "not less than three nor more than six days from the issuing thereof." 3 Comp. Laws 1915, § 13242. By section 13245 it is provided:

"If the defendant fail to appear on the return of such summons, and the same be returned duly served, the officer issuing such summons may, in his discretion, adjourn the hearing, not more than six days from the return of such summons, and on the day to which the hearing shall be adjourned, if the defendant appear, the same proceedings shall be had as if he had appeared at the return of the summons."

Only one adjournment is authorized if the defendant fails to appear. Section 13246 provides:

"If the defendant fail to appear on the return of the summons, and there be no adjournment, or if the defendant fail to appear on the day to which the hearing may be adjourned, the officer shall note such failure in the minutes of his proceedings, and proceed to hear the complaint, and to inquire into the truth thereof," etc.

In this case plaintiff (defendant there) did not appear in the summary proceeding at any time. Under section 13247, had she appeared on the return day or at an adjourned day, not more than six days thereafter, continuances granted in the discretion of the commissioner upon sufficient cause shown could not exceed thirty days in all.

Summary proceedings for dispossessing an occupant of premises are purely statutory. The judgment rendered is by an officer of special, local, and limited jurisdiction. To be valid the statutory requirements and limitations set must be strictly observed and complied with. A close analogy is recognized in that respect between the limitations on justices of the peace and circuit court commissioners. *Feldman* v. *Zimmerman.* 208 Mich. 240. Section 14207, 3 Comp. Laws

1915, relative to adjournments by justices, limits them to "not exceeding in all three months," unless extended by stipulation of the parties in writing and filed with the justice. By an adjournment beyond that limit in violation of the statute the justice loses jurisdiction and any judgment rendered thereafter in the case so adjourned is void. *Smith* v. *Kistler*, 174 Mich. 367. In *Boller* v. *Mayor, etc., of New York*, 40 N. Y. Super. Ct. Rep. 523, it was held that under the summary proceedings statute of that State an adjournment over a longer period than the statutory limit ousted the court of jurisdiction and a judgment subsequently rendered was void.

Whatever else might be claimed as to plaintiff's failure to appear and defend her rights during the time the commissioner had jurisdiction in a pending proceeding to dispossess her of her home, that jurisdiction having been lost, her inaction could not reinstate it. Not having appeared or submitted herself to the jurisdiction of the court, she is not estopped in another proceeding from attacking the validity of the judgment on jurisdictional grounds. *Wilcke* v. *Duross*, 144 Mich. 243.

Plaintiff shows by her bill that she has been in actual possession and residence upon these premises as her home and homestead under a land contract and has paid all or at least a large part of the purchase price; that having lost her contract with receipts for the payments she has made, defendant has taken advantage of the situation to deny her rights and fraudulently make false demands for greater payments, wrongfully served notice of forfeiture and by summary proceedings sought to dispossess her of her home, which is now worth double the contract price and secure it for himself.

It is said in Davis on Michigan Practice before Circuit Court Commissioners, p. 313, that where the ven-

dor does not live up to the terms of the contract the vendee may declare the same forfeited or ask a decree for specific performance in a court of equity. To which is added:

"If the vendor recovers a judgment against him by summary proceedings and thus gain possession upon forfeiture of the contract, the vendee might file a bill in equity if he has paid in a large sum towards the purchase price, setting up such facts and get a reinstatement under the contract through such court or such other relief as the court of equity might grant."

That equity courts have jurisdiction to relieve from forfeitures, direct accountings and grant specific performance where equitable grounds to those ends are properly charged and satisfactorily proven, is textbook law and not open to question. Plaintiff's bill contains matter along those lines sufficiently well pleaded to confer equity jurisdiction to entertain the same and determine the truth or falsity of the facts stated and equitable claims therein alleged.

It is further urged in behalf of plaintiff that she should be reinstated to possession of the premises by an order of this court and an injunction granted maintaining her possession pending a hearing of the case on its merits. That, this court cannot do at the present stage of the litigation. The question presented and for decision on this brief record is one of pleading only—defendant's demurrer to plaintiff's bill. The merits of the case on the truth or falsity of the tendered facts are not before us. The interlocutory matters which plaintiff proposes are for the trial court as the case progresses to a hearing before it.

The decree dismissing said bill on demurrer will be reversed, with costs of this court to plaintiff, and defendant granted the rule time in which to plead issuably to said bill as he may be advised.

MOORE, C. J., and BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.