PERE MARQUETTE RAILWAY CO. *v.* ASHLEY.

APPEARANCE—SERVICE—DEFECT—WAIVER.
   Where a railroad company, in response to a citation, appeared by attorney in drain proceedings, had its day in court, called witnesses and was fully heard on the matters submitted to the jury, it waived any defect in the service by reason of the fact that its name was given therein as a "railroad" company rather than as a "railway" company.

As to effect of defects or omissions in copy of writ or process delivered to person served, see note in L. R. A. 1917C, 150.

Appeal from Van Buren; Des Voignes (L. Burget), J.   Submitted October 17, 1922.   (Docket No. 114.) Decided December 5, 1922.

Bill by the Pere Marquette Railway Company against Charles E. Ashley, drain commissioner of Van Buren county, to enjoin the construction of a drain.   From a decree dismissing the bill, plaintiff appeals.   Affirmed.

*Glenn E. Warner* (*Parker, Shields & Seaton,* of counsel), for plaintiff.

*James E. Chandler,* Prosecuting Attorney, and *Thomas J. Cavanaugh,* for defendant.

SHARPE, J.   In the fall of 1919, the defendant began proceedings for deepening and widening what is known as "Mud Lake drain," which traverses a part of Bangor and Hartford townships in Van Buren county.   Some of the landowners declined to release a claim for damages and an application for the appointment of commissioners was filed in the probate court pursuant to 1 Comp. Laws 1915, § 4883.   In this application the "P. M. R. R. Co." was named as one of such owners and the parcel of land alleged to be owned by it specifically described.   A citation was issued, addressed to such owners, in which the "P. M. R. R. Co.," was described as the "Pere Marquette Railroad Company."   The defendant made service—

"by giving the same personally to E. B. Rich, the agent for said company, at Holland, the person named in said citation, by delivering to E. B. Rich aforesaid personally a true copy thereof."

On the day fixed for the hearing, Glenn E. Warner, an attorney residing at Paw Paw in Van Buren county, appeared for the railroad company.   An adjournment was had by agreement to a later date.   On that day

Mr. Warner again appeared and filed objections to the court's hearing the petition as follows:

"1. Because no valid service of citation and process has been made on the said Pere Marquette Railroad Company.

"2. Because this court has no jurisdiction to enter an order of any character in any way binding the Pere Marquette Railroad Company."

These objections were signed by the Pere Marquette Railroad Company by Shields, Merriam & Sleeper, its attorneys, Glenn E. Warner, of counsel.  The objections were overruled.  A jury, demanded by Mr. Warner, was then impaneled, the premises viewed and proofs taken.  The bridge engineer of the company was examined as a witness and gave detailed information as to the expense which the work would entail on the company.  He testified that he was employed by the railroad administration, that he was bridge engineer for the Pere Marquette Railway Company before it was taken over and that he continued in that capacity without any change when it was taken over.  The estimates made by him were on paper on which was printed "Pere Marquette *Railway* Company, Detroit, Michigan, J. Tuthill, Engineer." Mr. Warner was present and took part in all these proceedings.  The jury determined that the improvement was necessary and fixed the damages of the "P. M. R. R. Co." at the sum of $6,500, on which the usual order was entered.

Plaintiff herein, the Pere Marquette *Railway* Company, in its bill of complaint alleges that it owns the land and operates the railroad affected by said order, details the proceedings above set forth, says that defendant thereafter made his final order of determination and filed a certified copy thereof with the county clerk of Van Buren county, and that about a month thereafter—

"a ticket agent of your petitioner was served with notice of letting contract, etc., in connection with the said Mud Lake drain, and that up to the time of serving said notice your petitioner was not aware and had not been notified of proceedings to deepen and widen the said drain."

After alleging that "irreparable damage" will result, the bill prays for injunctive relief, restraining the defendant from proceeding with the work in contemplation on the right of way of the plaintiff.   After a hearing in which proofs were taken establishing the facts as above stated, and others hereafter referred to, the trial court dismissed the bill of complaint.

It appears that the Pere Marquette *Railroad* Company, for several years in the hands of receivers, ceased doing business in 1917, all its lines of road having been then conveyed to the Pere Marquette *Railway* Company.   At the time these proceedings were taken, the right of way was owned by the *Railway* Company and was being operated by the director general under the provisions of the Federal control act and the proclamations of the president issued pursuant thereto.   It is said that the service on Rich, who was at that time an employee of the director general, "did not constitute legal service of process on the plaintiff."   The proceeding is one *in rem*.   The probate court had jurisdiction of the subject-matter.   Without legal service of the citation, the plaintiff as landowner might appear and, if it did so and took part in the subsequent proceedings, it could not afterwards be heard to say that proper service had not been made on it.   Mr. Warner, a reputable attorney, now representing the plaintiff in this court, appeared in the probate court on the return day of the citation.   For whom did he appear? Clearly, not for the *Railroad* Company.   The similarity of the names of the two companies could but lead to confusion.   He frankly admitted that if he knew of

the change "he had forgotten it." Mr. Parker, who had been a member of the legal department of the *Railroad* Company, both before and during the receivership, and was at the time of the hearing in the employ of the plaintiff, testified:

"The director general, after he took over the railroads of the country, eliminated from the name, for purposes of his own, the word 'company' and wherever it was 'railway' he changed it to 'railroad.' In other words, he assumed, for the purpose of the transacting of the business, the name United States Railroad Administration, Pere Marquette Railroad."

The record does not disclose from whom Mr. Warner received his instructions to appear. A corporation can only act through its officers, attorneys and agents. He was at that time employed as local attorney by the director general. The objections were not filed on his behalf. We think it over-technical to assert that he did not appear on behalf of the landowner, the Pere Marquette *Railway* Company.

On his first appearance he consented to an adjournment. On his next appearance he filed the objections above set forth. His action in doing so clearly indicated that he then believed the name of the owner to be the "Pere Marquette *Railroad* Company." Had a suggestion been made that it was not, the proceedings could have been amended. The objections filed in no way called the attention of the court to the fact that the owner of the right of way was not properly named, nor were they intended to do so. They challenged the sufficiency of the service. No affidavits were filed in support of the objections. The affidavit showed service on an "agent for said company." The after appearance of Mr. Warner and the part taken by him in the subsequent proceedings waived any defect in the service if there was any such. The plaintiff had its day in court. It called witnesses and was

fully heard on the matters submitted to the jury. If dissatisfied with the result reached, it might have secured a review by certiorari in the manner provided by statute. In *Dunning* v. *Drain Commissioner*, 44 Mich. 518, it was said:

> "It appears from the return that plaintiff in cer-tiorari had actual notice and took part in the proceedings before and at the time when the jury was struck, and there is no reason to suppose he has been taken by surprise in any of the proceedings. We are not inclined to reverse such proceedings except for very substantial faults, and the present case, in our opinion, does not call for our intervention."

On the effect of Mr. Warner's appearance as affecting the rights of plaintiff, see *Lane* v. *Leech*, 44 Mich. 163; *Ralston* v. *Chapin*, 49 Mich. 274; *Barlage* v. *Railway Co.*, 54 Mich. 564; *Austin* v. *Burroughs*, 62 Mich. 181; *Dailey* v. *Kennedy*, 64 Mich. 208; *Stevens* v. *Harris*, 99 Mich. 230; *Sherwood* v. *Ionia Circuit Judge*, 107 Mich. 136; *Graham* v. *Cass Circuit Judge*, 108 Mich. 425; *Dunlap* v. *Byers*, 110 Mich. 109; *Gilmore* v. *Lichtenberg*, 129 Mich. 275; *Attorney General* v. *Booth & Co.*, 143 Mich. 89; *Lyon* v. *Baldwin*, 194 Mich. 118.

The decree is affirmed, with costs to defendant.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.